**Jaburg & Wilk, P.C.**
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
602.248.1000

Matthew T. Anderson (025934)
mta@jaburgwilk.com

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Advocates for Individuals with Disabilities Foundation, Inc., | Case No. 2:16-cv-02413-MHB |
| Plaintiff, | **RESPONSE TO PLAINTIFF'S AMENDED MOTION TO DISMISS FEDERAL CLAIMS WITH PREJUDICE AND MOTION TO REMAND TO STATE COURT** |
| v. | |
| Golden Rule Properties, LLC, | |
| Defendant. | |

Defendant Golden Rule Properties, LLC ("Golden Rule"), through undersigned counsel, hereby responds to Plaintiff's Motion to Dismiss Federal Claims with Prejudice and Motion to Remand to State Court (collectively referred to herein as the "Motion") and requests leave—pursuant to 28 U.S.C. § 1447(c)—to seek its reasonable fees and costs incurred in removing this matter.[1] Golden Rule opposes the Motion only to the extent it seeks an order that each party bear its own fees and costs, as such a request is unjust under the circumstances. This Motion is supported by the following Memorandum of Points and Authorities.

---

[1] If leave is granted, Golden Rule will submit for the Court's consideration a bill of taxable costs and application for attorneys' fees and related expenses in accordance with LRCiv 54.1 and 54.2. *See Moore v. Goodyear*, 2011 WL 3684508, at \*5 (D. Ariz. Aug. 23, 2011) (on plaintiff's motion to dismiss, defendant was granted leave to file for fees and costs pursuant to local rules).

JABURG|WILK
Attorneys at Law

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff's assertion—that "[a]lthough counsel for Plaintiff proposed that Defendant join in a stipulation of dismissal under [FRCP 41], Defendant declined to do so"—is patently false. *See* Doc. 7, p.2 n.10. Plaintiff's counsel *never* approached counsel undersigned regarding a stipulation.

It appears Plaintiff is basing its assumption that Golden Rule would not stipulate on Golden Rule's prior request that Plaintiff dismiss its federal claim if it did not intend to pursue the claim. While the case was still in state court, counsel for Golden Rule approached Plaintiff's counsel (on the basis of prior interactions between counsel, described below) to confirm Plaintiff's intent to pursue its federal claim to avoid wasting the fees and costs associated with removal. *See* letter dated July 18, 2016, attached hereto as **Exhibit A**. But Plaintiff's counsel responded that it intended to pursue (and would not dismiss) its federal claim, thereby inducing Golden Rule to incur the expense of removal. *See* email from Plaintiff's counsel, dated July 19, 2016, attached hereto as **Exhibit B**. Almost immediately upon removal, Plaintiff moved to dismiss its federal claim, for purported strategic reasons, seeking to force remand and rendering Golden Rule's removal efforts a complete waste. *See* Doc. 7. As is clear from the record, not only did Plaintiff refuse to voluntarily dismiss its federal claim as it now seeks to do—which would have avoided the entire removal process—it never offered Golden Rule a stipulation to dismiss.

Plaintiff is a serial ADA plaintiff.[2] Its attorneys have filed nearly 1,000 lawsuits in Arizona on behalf of three serial plaintiffs. The multitude complaints are virtually identical, alleging claims under the Americans with Disabilities Act (the "ADA") and Arizonans with Disabilities Act (the "AzDA") with minor alterations to substitute defendants' names. Courts across the country have lamented this type of serial

_____

[2] In fact, Plaintiff, as a corporation, cannot have the requisite injury-in-fact under the ADA to obtain standing—but Golden Rule intends to address that and other arguments on the merits in a later, more-comprehensive motion.

litigation, which seeks to extort a quick-and-easy settlement fee for less than the cost of defending a lawsuit under the guise of a noble cause. *See, e.g.*, *Doran v. Del Taco, Inc.*, 373 F. Supp. 2d 1028, 1030 (C.D. Cal. 2005) *vacated and remanded on other grounds*, 237 Fed. Appx. 148 (9th Cir. 2007) ("Faced with costly litigation and a potentially drastic judgment against them, most businesses quickly settle."); *Rodriguez v. Investco, LLC*, 305 F. Supp. 2d 1278, 1280-82, n.14, 1285 (M.D. Fla. 2004) (lamenting the "negative economic value" and "waste of precious judicial resources" caused by the "cottage industry" wherein plaintiffs file dozens of ADA lawsuits without any warning or request to cure simply because "pre-suit settlements do not vest plaintiffs' counsel with an entitlement to attorneys' fees"; and finding the litigious ADA plaintiff "merely a professional pawn in an ongoing scheme to bilk attorney's fees from the Defendant"); *Brother v. Tiger Partner, LLC*, 331 F. Supp. 2d 1368, 1375 (M.D. Fla. 2004) ("[T]he means for enforcing the ADA (attorneys' fees) have become more important and desirable than the end (accessibility for disabled individuals). . . . This type of shotgun litigation undermines both the spirit and purposes of the ADA.").

Due to the nature of Plaintiff's serial litigation strategy, it has incentive to both impose and incur the most amount of fees and costs possible to wield a threat of a sizable fee award to generate a higher settlement payout. Its actions herein comport with this strategy.

In several prior cases with Plaintiff, counsel for Golden Rule had removed based on federal question, only to have Plaintiff immediately dismiss its federal claim, saddling those defendants with the unnecessary, wasted fees and costs. *See, e.g.*, *Ritzenthaler v. Philbert, LLC*, 2:16-cv-01760-ROS; *Ritzenthaler v. Blank Properties, LLC*, 2:16-cv-01650-SRB; *Ritzenthaler v. REP Ltd*, 2:16-cv-01803-DJH; *Advocates for Individuals with Disabilities, LLC v. Warner Greenfield LLC*, 2:16-cv-01924 & 01925. In those cases, however, in apparent acknowledgment of the prejudice of its conduct, Plaintiff reimbursed eight defendants their removal costs (though not their fees). Thus, in the present case, counsel sought to avoid the expense of removal by confirming

1  Plaintiff's intent to pursue its federal claim before removing (and, alternatively,
2  requesting that Plaintiff dismiss its federal claim before Defendant's removal deadline).
3  *See* Exhibit A. But Plaintiff has indicated it will not similarly reimburse Golden Rule.

4          Plaintiff should not be allowed to abuse, harass, and tax defendants by pleading a
5  federal claim and then immediately dismissing upon removal. The removal/remand
6  statutes are not a weapon. Such gamesmanship constitutes a pure waste of both public
7  and private resources. Accordingly, Golden Rule opposes Plaintiff's Motion to the
8  extent it seeks an outcome that allows Plaintiff to impose an additional burden on its
9  opponent.

10  **II.    PLAINTIFF'S DISMISSAL IS FLAGRANT GAMESMANSHIP.**

11         Dismissal of the federal claim accomplishes nothing for Plaintiff other than to
12  throw a procedural wrench into the lawsuit and force Golden Rule to incur unnecessary
13  expenses. Plaintiff pled two causes of action: a claim under the ADA and a claim under
14  the AzDA. The ADA is practically identical to the AzDA. *See, e.g.*, *George v. AZ Eagle*
15  *TT Corp.*, 961 F. Supp. 2d 971, 974 n.1 (D. Ariz. 2013) (A "[c]ourt's decision regarding
16  a plaintiff's ADA claim is applicable to the AzDA claim"); *Freemyer v. Kyrene Vill. II,*
17  *LLC*, CV-10-1506-PHX-GMS, 2011 WL 42681, at *6 (D. Ariz. Jan. 6, 2011) ("The
18  Arizonans with Disabilities Act ('AzDA'), A.R.S. §§ 41–1492 to 41–1492.12 'is
19  intended to be consistent with the ADA.'") (citing *Castle v. Eurofresh, Inc.*, 2010 WL
20  3244900, * 6 (D. Ariz. 2010));  *see also Bodley v. Plaza Mgmt. Corp.*, 550 F. Supp. 2d
21  1085 (D. Ariz. 2008) *aff'd*, 331 Fed. Appx. 547 (9th Cir. 2009) (granting summary
22  judgment on ADA and AzDA claims after evaluating the case solely under the ADA).
23  Thus, the effect of dismissal of Plaintiff's federal claim only is simply to deprive this
24  Court of federal-question jurisdiction. There is no legitimate "strategic" decision to
25  change course based on a perceived superior cause of action. And there have been no
26  developments in the case in the week between the clarifying letter and Plaintiff's
27  motion.

28

Plaintiff loses nothing by dismissing its federal claim. If Plaintiff knew it did not intend to pursue its federal claim, it should have dismissed the claim when it received the letter, when it could have avoided imposing such unnecessary litigation costs on Golden Rule. If the purpose of Plaintiff's dismissal is to avoid a body of Ninth Circuit law that is arguably unfavorable to Plaintiff, it should have evaluated that strategy before imposing such expenses on Golden Rule. In any event, Golden Rule is prejudiced by the expenses it incurred in removing the case, expenses that now constitute pure waste. Whether Plaintiff's counsel intended to forum shop or to impose unnecessary fees and costs, such conduct constitutes flagrant gamesmanship.

Although Plaintiff has a right to pursue the claims it desires to pursue, it should not be allowed to strategically inflict additional and unnecessary costs against its opponents.

## III. AN AWARD OF REASONABLE FEES AND COSTS INCURRED IN REMOVING THIS MATTER IS JUST.

Although remand will divest this Court of the ability to entertain Golden Rule's arguments concerning Plaintiff's inadequacies as to standing, pleading, and the merits, the Court has authority to award Golden Rule its fees and costs incurred in removing the lawsuit in the first place. The remand statute provides, in relevant part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

The U.S. Supreme Court has held that an award of expenses pursuant to 28 U.S.C. § 1447(c) should be faithful to the purposes of the statute, designed to avoid unnecessary delay and waste of resources. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140, 126 S. Ct. 704, 711 (2005) ("The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources."). Although such awards are typically granted to plaintiffs in the context of improper removal, *but see Willems v. Apartment Inv. & Mgmt. Co. AIMCO*, 81 Fed. Appx. 230 (9th Cir. 2003), the plain language of the statute authorizes the Court to "require payment of just costs and any

1  actual expenses, including attorney fees, incurred as a result of the removal." The statute
2  does not specifically limit the required reimbursement to a particular party. The statute
3  seeks to have justice done under the circumstances.

4      Here, Plaintiff induced Golden Rule to incur the expense of removal (both by
5  representing it intended to pursue its ADA claim and by refusing to dismiss the federal
6  claim), only to change course immediately after the expenses were incurred, rendering
7  the expenses pure waste. Golden Rule rightfully removed this case. In light of prior
8  experience wherein Plaintiff dismissed its federal claim immediately upon removal,
9  Golden Rule gave Plaintiff the opportunity to dismiss its federal claim before the
10 removal deadline to avoid any wasted fees and costs. Plaintiff represented that it
11 intended to pursue and would not dismiss its federal claim. In reliance on that
12 representation, and as Golden Rule forewarned, Golden Rule removed the case. Almost
13 immediately, Plaintiff took action to counteract removal and destroy the Court's
14 jurisdiction—as it had in the prior cases. By dismissing its federal claim while retaining
15 the identical state law claim, Plaintiffs stuck Golden Rule with an unnecessary bill for
16 fees and costs of removal—and Plaintiff will be back where it was before, with
17 essentially the same claim intact.

18     If the Court allows plaintiff to dismiss its federal claim without reimbursing
19 Golden Rule its fees and costs, two potential unjust outcomes will occur:

20     (1) other defendants in Plaintiff's serial lawsuits will have no choice but to
21 abstain from removing for fear that the case will end up back in state court and
22 defendant will have wasted more than $1,000 in removal-related expenses—thus
23 effectively nullifying the removability of Plaintiff's lawsuits and guaranteeing Plaintiff
24 the ability to litigate its federal claim in state court; or

25     (2) defendants such as Golden Rule must remove the case in order to force
26 Plaintiff to dismiss a federal claim that Plaintiff has no intention of pursuing, thus
27 wasting both public and private resources. Indeed, if Plaintiff's stated goal of achieving
28 ADA compliance was authentic, it would focus less on maximizing litigation expenses

6

1  and more on leaving defendants' resources to achieve ADA compliance (where
2  applicable).

3      Either outcome is unfair to Golden Rule and other defendants in these serial
4  lawsuits.

5  **IV.    CONCLUSION**

6      Based on the fees and costs wasted by this gamesmanship, Golden Rule
7  respectfully requests leave of the Court to seek its reasonable fees and costs incurred in
8  removing this matter. Golden Rule deserves to be put in the position it would have been
9  had Plaintiff simply avoided the unnecessary motion practice and dismissed its federal
10 claim to remain in state court, as Golden Rule requested. Only an award of attorneys'
11 fees and costs will accomplish that. Such an award "incurred as a result of the removal"
12 is just and appropriate under these circumstances.

13     DATED this 2d day of August, 2016.

14

15     **Jaburg & Wilk, P.C.**

16     /s/ Matthew T. Anderson
17     Matthew T. Anderson
       3200 N. Central Avenue, 20th Floor
18     Phoenix, AZ 85012
       Attorneys for Defendant

19

20

21

22

23

24

25

26

27

28

1

2

### *Certificate of Service*

3 I hereby certify that on this 2d day of August, 2016, I electronically transmitted the
attached document to the Clerk's Office using the CM/ECF System for filing, and for
4 transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

5 Peter Strojnik, Esq.
STROJNIK P.C.
6 1 East Washington Street, Suite 500
Phoenix, Arizona 85004
7 ps@strojnik.com

8 Fabian Zazueta, Esq.
Advocates for Individuals with Disabilities
9 40 North Central Ave, Suite 1400
Phoenix, AZ 85004
10 Telephone: (774) 768-2233
fabian@aid.org
11
Attorneys for Plaintiff
12

13

14 /s/ Sharon L. Kuller

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JABURG|WILK
Attorneys at Law

# Exhibit A



jaburgwilk.com

**Matthew T. Anderson**
mta@jaburgwilk.com
602.248.1077 - Direct Phone
602.248.0522 - Main Fax

**Aaron K. Haar**
akh@jaburgwilk.com
602.248.1025 - Direct Phone

July 18, 2016

Via E-Mail ps@strojnik.com; fabian@aid.org and First Class Mail

Peter Strojnik
Fabian Zazueta
Strojnik PC/AID
40 N. Central Ave., Ste 1400
Phoenix, AZ 85004

> **Re:** ***Federal Claim -- AID v. Golden Rule Properties LLC/SanTan East LLC***
> *Maricopa Cty. Super. Ct., Case No. CV2016-006898 (Golden Rule)*
> *Maricopa Cty. Super. Ct., Case No. CV2016-006755 (Golden Rule)*
> *Maricopa Cty. Super. Ct., Case No. CV2016-007039 (SanTan East)*

Dear Peter & Fabian:

We are writing regarding your representation that, for strategic reasons, you plan to dismiss all your federal claims (under the ADA) and to only pursue the state law claims (under the AzDA) in state court. As of the date of this letter, your federal claim remains intact in the above-referenced lawsuits. Assuming you genuinely intend to only pursue the AzDA claims, we ask that you prepare the appropriate stipulations of dismissal and that you do so in short order.

Our clients prefer to litigate in federal court if there is any basis for doing so. Thus, we intend to remove the actions if you intend to pursue the federal claims. But we would like to avoid wasting our clients' money—as other clients have already been forced to do—if you plan on simply dismissing the federal claims and seeking remand upon removal.

As you know, this letter follows your prior actions in numerous other cases of dismissing the federal claim immediately upon removal, a decision that has wasted significant time and money. You stated that, for strategic reasons, you intend to dismiss the federal claim in all other lawsuits to remain in state court. In reliance on this representation, we will tentatively forego removing the above-referenced cases to avoid unnecessary fees and costs. However, if you do not soon prepare the stipulations or if we do not hear from you shortly, we will understand such action/inaction as indication you intend to pursue the federal claim—and we will remove the cases in reliance on such. In that instance, if you later decide that, for strategic reasons, you will dismiss your federal claim and seek remand, we will ask the district court to order reimbursement of our fees and costs incurred in removal under 28 U.S.C. § 1447(c). We hope it will not come to that. This letter is intended, in good faith, to clarify your intention and to minimize the already substantial burden of litigation.

Peter Strojnik
July 18, 2016
Page 2


As soon as possible, please confirm you will dismiss the ADA counts by providing the appropriate stipulations—or clarify that you do intend to pursue the federal claims. If you have any questions or concerns, feel free to give us a call at your convenience.

We look forward to hearing from you.

Sincerely,

**JABURG & WILK, P.C.**

Matthew T. Anderson
Aaron K. Haar

# Exhibit B

**Aaron K. Haar**

| | |
|---|---|
| **From:** | Fabian Zazueta <fabian@aid.org> |
| **Sent:** | Tuesday, July 19, 2016 2:47 PM |
| **To:** | Aaron K. Haar |
| **Cc:** | Matthew T. Anderson; Alyssa Illsley; Kyle Burt |
| **Subject:** | RE: AID v. Gold Rule Properties LLC/San Tan East LLC |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Aaron,

This email is to confirm our conversation. Outside counsel and my client cannot dismiss the federal claims for your new cases. They will address this issue at some later date, but as of now, we intend on pursing our causes of action under AzDA and ADA.

I also presented our third settlement demand for your client's review: $3,500 for each case remanded back to state court. These are the cases we reimbursed your client $400.00 in removal fees. I also stated this offer is not contingent upon all parties agreeing.

Lastly, outside counsel would like to set up a meeting with Matt to discuss these cases. Please let me know what date works best.

Thank you,

Fabian Zazueta, *In-House Counsel*
**Advocates for Individuals with Disabilities**
40 North Central Avenue, Ste 1400
Phoenix, AZ 85004
Telephone: (774)-768-2233

Confidentiality Notice: The information contained in this electronic e-mail and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

**From:** Aaron K. Haar [mailto:akh@jaburgwilk.com]
**Sent:** Monday, July 18, 2016 8:02 PM
**To:** 'Fabian Zazueta' <fabian@aid.org>
**Cc:** Matthew T. Anderson <mta@jaburgwilk.com>; alyssa@aid.org; Kyle Burt <kyle@aid.org>
**Subject:** RE: AID v. Gold Rule Properties LLC/San Tan East LLC

Fabian,
Ultimately, we intend to remove every case wherein you have pled a federal cause of action. So we would ask that you dismiss every federal claim that you do not intend to pursue in federal court. If you prefer to dismiss the federal claims *without* prejudice, that would be fine--with the understanding we will remove if a federal claim is eventually reinstated. And, going forward, if your strategy is to litigate in state court, we would expect that you'd only plead counts under the AzDA.

As for the current pending cases, I call your attention to those referenced in the letters we served this morning, with particular emphasis on the first four, which, as I indicated earlier today, have removal deadlines tomorrow (July 19):

- AID v. Sun West Dental Properties LLC, Maricopa Cty. Super. Ct., Case No. CV2016-006931
- AID v. Golden Rule Properties, LLC, Maricopa Cty. Super. Ct., Case No. CV2016-006898
- AID v. Golden Rule Properties, LLC, Maricopa Cty. Super. Ct., Case No. CV2016-006755
- AID v. San Tan East LLC, Maricopa Cty. Super. Ct., Case No. CV2016-007039
- AID/Ritzenthaler v. The Wright-Oracle LLC, Maricopa Cty. Super. Ct., Case No. CV2016-006739
- AID v. California Asset Portfolio, Inc., Maricopa Cty. Super. Ct., Case No. CV2016-006876
- AID v. TB Properties Augusta Ranch LLC, Maricopa Cty. Super. Ct., Case No. CV2016-007032
- AID v. Williamsfield/Higley Limited Partnership, Maricopa Cty. Super. Ct., Case No. CV2016-006946

We will wait until 3:00p tomorrow to remove the first four. I believe we have a little more time with the remainder, so no need to scramble to get those dismissed. Let me know if you have any questions.

Thanks,

**AARON K. HAAR** | Attorney | 602.248.1025

JABURG|WILK
Attorneys at Law

-----Original Message-----
From: Fabian Zazueta [mailto:fabian@aid.org]
Sent: Monday, July 18, 2016 6:13 PM
To: Aaron K. Haar
Cc: Matthew T. Anderson; alyssa@aid.org; Kyle Burt
Subject: RE: AID v. Gold Rule Properties LLC/San Tan East LLC

Aaron,

Thank you for the email and multiple letters. Can you provide me a list of all the cases you want me to file a notice of voluntary dismissal? I need to confirm whether we are going to stipulate or pursue both ADA and AzDA claims. I will have an answer for you tomorrow.

I also want to confirm we are stipulating to voluntary dismissal without prejudice. Please let me know.

Thank you,

Fabian Zazueta, In-House Counsel
Advocates for Individuals with Disabilities
40 North Central Avenue, Ste 1400
Phoenix, AZ 85004
Telephone: (774) 768-2233

Confidentiality Notice: The information contained in this electronic e-mail and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

-----Original Message-----
From: Aaron K. Haar [mailto:akh@jaburgwilk.com]
Sent: Monday, July 18, 2016 3:28 PM
To: Fabian Zazueta <fabian@aid.org> (fabian@aid.org)
Cc: Matthew T. Anderson
Subject: RE: AID v. Gold Rule Properties LLC/San Tan East LLC

Fabian:
This email is to commemorate our discussion regarding the request that your clients dismiss their federal claims if they prefer to stay in state court. My understanding, now, is that you will not dismiss the federal claim and that you intend to pursue both ADA and AzDA claims in state court unless we decide to remove, thus forcing us to either defend the federal claims in state court or incur the unnecessary additional cost of removal for nothing.

As I mentioned, we intend to remove if there is any basis for doing so-we cannot agree to defend the federal claim in state court. We believe it is improper to threaten dismissal of the federal claim upon removal (with the corresponding waste of removal fees/costs) to force us to agree to defend the federal claim in state court. We must assume that you intend to pursue the federal claims on the merits if you leave them intact. If you have already decided to pursue a strategy of litigating in state court, you should dismiss the federal claim.

You mentioned that you would run our request past Peter Strojnik and let us know if your position changes. As I indicated, we will wait until tomorrow afternoon (the deadline for removing the cases referenced below) before we seek to remove these cases. If we incur the cost of removal and you then decide to dismiss the federal claim, we will seek to recover our wasted fees and costs.

Thank you,

AARON K. HAAR |
Attorney<http://jaburgwilk.com/attorneys/aaron-k-haar.aspx> | 602.248.1025
[Title: Jaburg | Wilk - Description: Attorneys at Law]

From: Aaron K. Haar
Sent: Monday, July 18, 2016 1:55 PM
To: Fabian Zazueta <fabian@aid.org<mailto:fabian@aid.org>>
(fabian@aid.org<mailto:fabian@aid.org>)
Subject: FW: AID v. Gold Rule Properties LLC/San Tan East LLC

Hi Fabian,
I just left you a message re several cases where the deadline to remove is tomorrow (the four case numbers are referenced in these two letters). Matt said you plan to dismiss all your federal claims and pursue these cases in state court.

These four cases are particularly time sensitive because the deadline is tomorrow. We can forego removal if you are able to get the stipulation filed to dismiss the federal claims. Otherwise we'll have no choice but to remove the cases. We'll hold off preparing the removal filings until tomorrow afternoon-hopefully you'll be able to get something together by then? Let me know.

Thanks,

AARON K. HAAR |
Attorney<http://jaburgwilk.com/attorneys/aaron-k-haar.aspx> | 602.248.1025
[Title: Jaburg | Wilk - Description: Attorneys at Law]

From: Sharon L. Kuller
Sent: Monday, July 18, 2016 11:45 AM
To: ps@strojnik.com<mailto:ps@strojnik.com>;
fabian@aid.org<mailto:fabian@aid.org>
Cc: Matthew T. Anderson; Aaron K. Haar
Subject: AID v. Gold Rule Properties LLC/San Tan East LLC

Attached is correspondence from Mr. Haar.  Thank you.


Sharon Kuller


[Title: Jaburg | Wilk - Description: Attorneys at Law]

SHARON L. KULLER |
Legal<http://www.jaburgwilk.com/attorneys/adam-s-kunz.aspx> Assistant to Beth S. Cohn, Nichole H. Wilk, Aaron K. Haar and Kathy Maitha
3200 North Central Avenue, 20th Floor, Phoenix Arizona 85012 Direct
602.248.1021 | Main 602.248.1000 | Fax 602.248.0522 jaburgwilk.com<http://www.jaburgwilk.com/> |
slk@jaburgwilk.com<mailto:slk@jaburgwilk.com>

This communication is intended only for the individual or entity to whom it is directed. It may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law.

Dissemination, distribution, or copying of this communication by anyone other than the intended recipient, or a duly designated employee or agent of such recipient, is prohibited. If you have received this communication in error, please notify us immediately by telephone at (602)248-1000, or via e-mail, and delete this message and all attachments thereto.