WO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Advocates for Individuals with Disabilities Foundation Incorporated,

Plaintiff,

v.

Golden Rule Properties LLC,

Defendant.

No. CV-16-02413-PHX-GMS

**ORDER**

Plaintiff has filed a Motion to Dismiss Federal Claims pursuant to Federal Rule of Civil Procedure 41(a)(2), together with a Motion to Remand once his federal claim under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. ("ADA") has been dismissed (Doc. 8).

The Ninth Circuit has held that Rule 41(a)(1) "does not allow for piecemeal dismissals." *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005). "Instead, withdrawals of individual claims against a given defendant are governed by [Rule] 15, which addresses amendments to pleadings." *Id.* (citing *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389 (9th Cir. 1988)); *see also Gen. Signal Corp. v. MCI Telecomms. Corp.*, 66 F.3d 1500, 1513 (9th Cir. 1995) ("[W]e have held that Rule 15, not Rule 41, governs the situation when a party dismisses some, but not all, of its claims.") (citations omitted). Thus, "'a plaintiff may not use [Rule 41(a)(1)] to dismiss, unilaterally, a single claim from a multi-claim complaint.'" *Hells Canyon*, 403 F.3d at 687 (quoting *Ethridge*, 861 F.2d at 1392). Other circuits agree. *See id.* n.4

(collecting cases); *see also* S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary, at 1014 (Thomson Reuters 2016) ("[I]f a plaintiff has multiple claims against a defendant and wishes to dismiss one or more – but not all – of those claims, the appropriate procedural mechanism is to file an amended complaint under Rule 15(a).").[1] The analysis in *Hells Canyon* applies equally to attempts to dismiss using either Fed. R. Civ. P. 41(a)(1) or 41(a)(2). Therefore, if Plaintiff wishes to dismiss its federal claim, it is obliged to file a separate motion to amend that comports with LRCiv. 15.1.

As well, however, "[f]ederal courts are required *sua sponte* to examine jurisdictional issues such as standing." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (en banc) (citation omitted and alteration in the original). After reviewing the complaint, the Court is unconvinced that the Plaintiff, as a "charitable non-profit foundation" that allegedly "has a close relationship with former, current and future [unnamed] disabled individuals[,]" has standing to pursue injunctive relief under the ADA. (Doc. 1, Ex. 1 at 1–2.)

A plaintiff has standing to pursue injunctive relief only if he "is likely to suffer future injury." *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983). The threatened injury must be "concrete and particularized"; that is, it must affect the plaintiff "in a personal and individual way." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 & n.1 (1992). An "undifferentiated" interest in ensuring compliance with the law will not suffice. *Id.* at 575 (citing *United States v. Richardson*, 418 U.S. 166, 176–77 (1974)); *see also Simon v. E. Kentucky Welfare Rights Org.*, 426 U.S. 26, 40 (1976) ("an organization's abstract concern with a subject that could be affected by an adjudication does not substitute for the concrete injury required by" Article III).

In cases under Title III of the ADA, a disabled plaintiff can establish standing to

---

[1] The Ninth Circuit has held that Rule 41(a)(1) permits a plaintiff to dismiss *all* claims against a particular defendant, even if other defendants remain in the case, *Pedrina v. Chun*, 987 F.2d 608, 609 (9th Cir. 1993), but that is not what Plaintiff attempts to do here.

pursue injunctive relief either by showing that "he intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier," or by showing that "discriminatory architectural barriers deter him from returning to a noncompliant accommodation" that he otherwise would visit. *Chapman*, 631 F.3d at 950. In either case, the plaintiff must show that he is personally affected by the barrier. *Id.* (claim for injunctive relief must seek to "vindicate the rights of the particular plaintiff rather than the rights of third parties"). Courts dismiss Title III claims on standing grounds where the plaintiff fails to assert a personalized injury stemming from the alleged violation. *See Payne v. Chapel Hill N. Properties, LLC*, 947 F. Supp. 2d 567, 578 (M.D. N.C. 2013) (disability rights organization lacked standing to seek injunction under Title III, where it failed to identify any member personally affected by the barrier); *Small v. Gen. Nutrition Companies, Inc.*, 388 F. Supp. 2d 83, 90-99 (E.D. N.Y. 2005) (same).

Instead of asserting that any actual disabled individual encountered the Defendant's allegedly ADA-noncompliant public accommodation, Plaintiff's complaint alleges the following:

> Plaintiff, who is known to have a relationship or association with individuals with disabilities, conducted an investigation into Defendant's public accommodation for purposes of ascertaining whether it complies with the ADA. Plaintiff's investigation confirmed that Defendant's public accommodation was not accessible to individuals with disabilities in the following particulars: . . .

(Doc. 1, Ex. 1 at 5.) Plaintiff appears to identify only a generalized interest in ensuring that Defendant complies with the ADA. Such an interest is insufficient to confer standing. *See Lujan*, 504 U.S. at 575; *Simon*, 426 U.S. at 40. The fact that Plaintiff is an association that advocates on behalf of disabled individuals does not change this analysis. *See Payne*, 947 F. Supp. 2d at 578; *Small*, 388 F. Supp. 2d. at 90–99.

For those reasons, and in the interest of judicial economy, the Court orders that before Plaintiff files the requisite motion to amend in compliance with LRCiv. 15.1,

Plaintiff and its attorney individually are ordered to show cause as to why this case should not be dismissed for a lack of standing.

Finally, the Defendant asserts that the Plaintiff's pre- and post-removal conduct suggests gamesmanship and a deliberate attempt to waste the Defendant's time and to raise its costs. (*See* Doc. 11 at 4–6.) The Court may sanction a party who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991) (internal quotation marks and citation omitted). Moreover, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Accordingly, the Court also orders Plaintiff and its attorney individually to show cause as to why it should not be sanctioned for its pre- and post-removal conduct as outlined by Defendant's response brief and corroborated by its attached exhibits. (Doc. 11 at 4–6, Exs. A, B.)

**IT IS HEREBY ORDERED** that Plaintiff's Notice of Voluntary Dismissal of Federal Claims Without Prejudice and Motion to Remand (Doc. 10) is **denied**.

**IT IS FURTHER ORDERED** that before filing a motion to amend, Plaintiff and its attorney individually are directed to show cause why: (1) this case should not be dismissed for lack of standing; and (2) why it should not be sanctioned, by **September 8, 2016**. Defendant, if it wishes to do so, may file a response by **September 15, 2016**. Plaintiff may file a reply by **September 22, 2016**.

**IT IS FURTHER ORDERED** that an Order to Show Cause Hearing is set for **September 29, 2016 at 3:30 p.m.** in Courtroom 602, Sandra Day O'Connor U.S. Federal Courthouse, 401 W. Washington St., Phoenix, Arizona 85003-2151.

Dated this 25th day of August, 2016.

G. Murray Snow

Honorable G. Murray Snow
United States District Judge