

**WILENCHIK & BARTNESS**
— A PROFESSIONAL CORPORATION —

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone: 602-606-2810    Facsimile: 602-606-2811

Dennis I. Wilenchik, #005350
Lawrence J. Felder, #019763
John D. Wilenchik, #029353
Brian J. Hembd, #029817
admin@wb-law.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Advocates for Individuals with Disabilities Foundation Incorporated,** | Case No. 2:16-cv-02413-PHX-GMS |
| Plaintiff; | **PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE** |
| v. | |
| **Golden Rule Properties LLC,** | **(ORAL ARGUMENT REQUESTED)** |
| Defendant. | **(Assigned to the Hon. G. Murray Snow)** |

Plaintiff Advocates for American Individuals with Disabilities Foundation Incorporated ("Plaintiff") and Peter Strojnik, Esq. and Fabian Zazueta, Esq. hereby file their Response to the Court's Order to Show Cause (Dkt. 14) directing Plaintiff and its attorney "to show cause why: (1) this case should not be dismissed for lack of standing; and (2) why it should not be sanctioned, by September 8, 2016."

### I.    Plaintiff's members give it standing

This case should not be dismissed for lack of standing because the Plaintiff organization has several members/principals who are disabled individuals with mobility impairments, or who drive for their minor child who is confined to use of a wheelchair, including but not limited to

David Ritzenthaler and Shannon Puckett. These persons reside in the greater Phoenix/Mesa area, are all motorists who travel on the Valley's streets; and they all have lawful disability-parking plates or placards for their vehicles.

The subject property, located at 454 N. Lindsay Road in Mesa (the "Lot"), is a parking lot for a large strip mall that includes a Safeway supermarket (which itself contains a bank, an ATM, restrooms, and a coffee shop), as well as multiple other restaurants and retailers. The Lot does not have van-accessible signage, as required by the ADA.[1] In particular, Shannon Puckett is a member of AID who regularly travels through Mesa, and who is aware that the Lot does not have van-accessible signage. Ms. Puckett has a minor child with a disability that impairs the child's mobility. The child is wheelchair-bound, and Ms. Puckett travels with the child in a motor vehicle that must park in a van-accessible handicapped spot. Ms. Puckett believes that the lack of signage is a deterrent to their use of the Lot, because it renders it more difficult for her to identify which, if any parking spots are van-accessible. Ms. Puckett is able to, would like to, and intends to use the Lot, but the lack of van-accessible signage is a deterrent and barrier to access. (See Declaration of Shannon Puckett, Exhibit "B" hereto and incorporated herein by reference.)

The above facts are sufficient to grant Plaintiff standing. "[A] disabled individual who is currently deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA has suffered 'actual injury.' Similarly, a plaintiff who is threatened with harm in the future because of existing or imminently threatened non-compliance with the ADA suffers 'imminent injury.'" *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002). The nondisabled parent of a minor disabled child has standing to sue under the ADA by virtue of her relationship with the child, especially where the parent is directly affected by the injury. *Johanson v. Huizenga Holdings, Inc.*, 963 F. Supp. 1175, 1176 (S.D. Fla. 1997); *see also George v. AZ Eagle TT Corp.*, 961 F. Supp. 2d 971, 975 (D. Ariz. 2013); 42 U.S.C. §

---

[1] See AID inspection report, attached as Exhibit "A" hereto and incorporated herein by reference.

2

12182(b)(1)(E). Further, "[t]he Supreme Court has instructed [the lower courts] to take a broad view of constitutional standing in civil rights cases, especially where, as under the ADA, private enforcement suits are the primary method of obtaining compliance with the Act." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039 (9th Cir. 2008). "[T]he gist of the question of standing is whether the plaintiff has such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination." *Id.*, 524 F.3d at 1044. Plaintiff, on behalf of its members, and on behalf of its member Shannon Puckett and her minor child in particular, has a personal stake in enforcement of the ADA with respect to this parking lot.

Responding to the Court's concerns, Plaintiff wishes to file[2] for leave to amend the Complaint or file a Rule 15(d) supplemental pleading alleging the foregoing. In *United Union of Roofers, Waterproofers, & Allied Trades No. 40 v. Ins. Corp. of Am.*, 919 F.2d 1398, 1402 (9th Cir. 1990), the Ninth Circuit found that the denial of leave to amend to cure "standing deficiencies" related to associational standing was an abuse of discretion. "Often a plaintiff will be able to amend its complaint to cure standing deficienc[i]es. To deny any amending of the complaint places too high a premium on artful pleading and would be contrary to the provisions and purpose of Fed.R.Civ.P. 15." *Id.* In *Northstar Fin. Advisors Inc. v. Schwab Investments*, 779 F.3d 1036, 1044 (9th Cir.),[3] the Ninth Circuit likewise found that "parties may cure standing deficiencies through supplemental pleadings" (under Rule 15(d)). The Court found that this rule obtains whether or not standing existed at the time that the Complaint was filed, or was acquired subsequently: "Defendants argue that because standing must be determined at the time a

---

[2] Plaintiff would have filed its Motion for Leave to Amend and proposed Amended Complaint in conjunction herewith, but it wishes to be respectful of the Court's Order that "*before filing a motion to amend*, Plaintiff and its attorney individually are directed to show cause why…" (emphasis added).

[3] *As amended on denial of reh'g and reh'g en banc* (Apr. 28, 2015), *cert. denied*, 136 S. Ct. 240, 193 L. Ed. 2d 133 (2015).

complaint is filed, and because [Plaintiff] did not obtain an assignment of claim until several months after the original complaint was filed, the assignment could not cure [Plaintiff's] original lack of standing….[The district court judge] observed that, although there is no published Ninth Circuit authority on this point, courts in other circuits have found that parties may cure standing deficiencies through supplemental pleadings [and granted plaintiff leave to file a supplemental pleading under Rule 15(d)]….We agree with [the judge's] application of Fed.R.Civ.P. 15(d)…[The judge] did not abuse her discretion in permitting [Plaintiff] to file a supplemental pleading after a post-complaint assignment from a party that clearly had standing." *Id.*, 779 F.3d at 1044, 1047 (internal quotation marks omitted). Delving further into its reasoning, the Ninth Circuit stated: "Rule 15(d) permits a supplemental pleading to correct a defective complaint and circumvents the needless formality and expense of instituting a new action when events occurring after the original filing indicated a right to relief. Moreover, even though Rule 15(d) is phrased in terms of correcting a deficient statement of claim or a defense, a lack of subject-matter jurisdiction should be treated like any other defect for purposes of defining the proper scope of supplemental pleading." *Id.*, 779 F.3d at 1044 (internal citations, quotations marks and brackets omitted). "This holding is consistent with *Rockwell Int'l Corp. v. United States*, in which the Supreme Court [] held that 'when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction.'" *Id.* (quoting *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473–74, 127 S.Ct. 1397, 167 L.Ed.2d 190 (2007)).

    For the foregoing reasons, Plaintiff has standing to file an action against Defendant seeking to enjoin Defendant's violations of the ADA.

### II. **Plaintiff and its counsel may not be sanctioned**

The Ninth Circuit has expressly found that tactically striking federal claims after removal and for the purpose of remand is a "straightforward tactical decision"; that there is "nothing

4

manipulative" about it; and that it is an abuse of discretion to award fees and costs against a party that does it, even where it is done simply because the plaintiff is "desperate to avoid federal court." *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995).

The plaintiffs in *Baddie* did precisely what the Plaintiff and its counsel did here. The plaintiffs in *Baddie* brought both state and federal claims into state court, which the defendant then removed to federal court; but after removal, the plaintiffs promptly amended their complaint to remove all federal causes of action, and moved to remand. The defendant then moved for its fees under 28 U.S.C. § 1447(c), and/or Rule 11. The plaintiffs were, the district court acknowledged, "apparently quite desperate to avoid federal court"; and the district court found that both the removal and remand had been precipitated by the plaintiffs' "manipulative pleading practices," leading the court to award to the defendants their fees. Finding an abuse of discretion, the Ninth Circuit reversed. *Baddie*, 64 F.3d at 489.

First, the Ninth Circuit discussed and rejected exactly the same argument that Defendant has also made here, which is that 28 U.S.C.A. § 1447(c) (referring to payment of expenses "incurred as a result of the removal") allows for fees under these circumstances, i.e. "[w]here removal was proper but plaintiffs take action subsequent to removal to precipitate remand." *Id.* The Court reasoned that because the defendant's "expense…is proximately caused by the plaintiffs' subsequent action rather than by the removal itself," then the expense "is not 'a result of the removal,' and therefore is not authorized under section 1447(c)." *Id.*

Then, in a heading entitled "Propriety of Plaintiffs' Conduct," the Ninth Circuit addressed whether an award of fees and costs would have been proper under some other basis, and found that "it would have been an abuse of discretion to impose such an award in this case." *Id.* "Filing federal claims in state court is a legitimate tactical decision by the plaintiff: it is an offer to the defendant to litigate the federal claims in state court. The defendant is *not obligated to remove*; rather, he has the choice either to submit to state court resolution of his claims, or to assert his

5

right to a federal forum. If the defendant rejects the plaintiff's offer to litigate in state court and removes the action, the plaintiff must then choose between federal claims and a state forum. Plaintiffs in this case chose the state forum. They dismissed their federal claims and moved for remand with all due speed after removal. There was nothing manipulative about that straight-forward tactical decision, and there would be little to be gained in judicial economy by forcing plaintiffs to abandon their federal causes of action before filing in state court." *Id.* (emphasis added). *See also Glover v. Borelli's Pizza, Inc.*, 886 F. Supp. 2d 1200, 1202 (S.D. Cal. 2012)(finding that plaintiff's motion to amend complaint to drop federal-law claims in ADA compliance case soon after removal, and plaintiff's motion for remand based on consequent lack of subject-matter jurisdiction, "did not constitute manipulative tactics," citing *Baddie*).

Plaintiff and its counsel made a straightforward decision to bring both federal and state claims, in good faith—and in fact, Plaintiff's counsel believes that he would be in breach of his ethical duties of diligence and competence, and/or of his professional standard of care to his client, if he did not plead all potential and available claims to his client under both state and federal law. *See e.g. Cecala v. Newman*, 532 F. Supp. 2d 1118, 1165 (D. Ariz. 2007), *aff'd*, 379 F. App'x 584 (9th Cir. 2010), *and aff'd*, 379 F. App'x 584 (9th Cir. 2010)(describing elements of a "failure to plead" malpractice claim under Arizona law).[4] In this case, Plaintiff pled claims under both the federal Americans with Disabilities Act ("ADA") and a state-law statute whose regulations expressly incorporate ADA regulations by reference (but which provide for slightly different, additional possible remedies and damages).[5] Clearly, Plaintiff could choose to litigate exactly the same claims under either federal or state law in the first instance, and in either federal or state court, as neither federal nor state law predominates. In filing a Complaint that

---

[4] These elements include that "the attorney's negligence caused the plaintiff to lose an opportunity to achieve a result, favorable to the plaintiff, which (i) the law allows; and (ii) the facts generated by plaintiff…would support, if the facts were believed by the jury."

[5] *See* A.A.C. R10-3-404; *see also* A.R.S. §§ 41-1492.04, 41-1492.08.

contained both federal and state law claims in state court, Plaintiff made its "offer to the defendant to litigate the federal claims in state court." *Baddie*, 64 F.3d at 491. Defendant rejected this offer. Further, Defendant rejected it only for strategic purposes of its own (or "game-playing," to use Defendant's parlance) – Defendant did so in an effort to stop Plaintiff ever from bringing federal law claims at all, which Plaintiff's counsel is ethically and professionally compelled to do in the first instance. But even setting such motivations aside, the Ninth Circuit is clear that it is now Plaintiff's right to "choose between federal claims and a state forum." *Id.* Plaintiff may properly choose "the state forum," and to dismiss its federal claims and to move for remand "with all due speed after removal." *Id.* There is "nothing manipulative"—or vexatious, wanton, oppressive, unreasonable or in bad-faith—"about that straight-forward tactical decision, and there would be little to be gained in judicial economy by forcing plaintiffs to abandon their federal causes of action before filing in state court." *Id.* Further, Plaintiff had every right to wait to make its decision until Defendant actually removed the case to federal court, for which the federal rules provide, and which the Ninth Circuit has specifically allowed. "Thus, in the Ninth Circuit, a plaintiff's motion for leave to amend that strategically strikes federal claims is not manipulative unless there is reason to believe that the inclusion of federal claims was to put the defendants through the removal-remand procedure." *In re Mortgage Elec. Registration Sys. (MERS) Litig.*, No. CV 10-217-PHX-JAT, 2010 WL 3239481, at *4 (D. Ariz. Aug. 16, 2010)(discussing *Baddie*, and quoting *Popov v. Countrywide Financial Corp.*, No. CIV 09–2780 GEB EFB PS, 2009 WL 5206679, at *3 (E.D.Cal. Dec.18, 2009)); *see also Baddie*, 64 F.3d at 490, fn.3. Plaintiff's counsel pled both federal and state claims, because to do any less than this would be to commit not only an ethical breach, but professional negligence. Any award of fees/costs to Defendant here—especially as a sanction—would have the effect of forcing Plaintiff's counsel into a "Catch-22" (or a Hobson's Choice, whatever metaphor the Court prefers) of having to commit malpractice by not bringing federal

claims at all, or of instead bringing them only to be sanctioned as a consequence of Defendant's own "game-playing," when Defendant removes the case and forces Plaintiff's counsel to dismiss and remand in order to stay in state court, where his client wishes to litigate. The Ninth Circuit has expressly deemed all of this to be a perfectly straightforward and normal litigation strategy, rendering any form of sanction an abuse of discretion. Further, as the *Baddie* court indicated, the appropriate court to consider such sanctions would be the state court on remand, and not the federal district court. ("[I]f plaintiffs' initial inclusion of the...federal claims was in bad faith or for the sole purpose of putting defendants through the removal-remand procedure, the *state* court should sanction plaintiffs on remand." *Baddie*, 64 F.3d at 490, fn.3 (emphasis added).)

Finally, if the Court remains uncomfortable with Plaintiff's request to remand the case to state court for any reason, then rather than sanctioning counsel and/or his client for it, the Court could instead simply retain jurisdiction over the case (even though Plaintiff is opposed to it, in this instance). 28 U.S.C. § 1367(a) grants the Court discretion to deny a motion to remand—although where federal claims have been dropped out of the lawsuit in its early stages, and only state law claims remain (as in this case), this is discouraged. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349, 108 S. Ct. 614, 618, 98 L. Ed. 2d 720 (1988). Nevertheless, "the district court's decision to remand remains discretionary and is dependent upon what will best accommodate the values of economy, convenience, fairness and comity." *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir.1991). In a footnote to *Baddie,* the Ninth Circuit specifically acknowledged retaining jurisdiction as a possible solution to the "removal-remand" cycle: "Also, if the action had progressed so far in federal court before the federal claims were dismissed that remand would have been unfair to defendants, the district court had discretion to deny remand and hear the case under its pendent jurisdiction. In this case, however, the federal claims were dismissed so promptly that defendants suffered no prejudice from removal, other than the self-imposed expense of opposing remand." *Baddie*, 64 F.3d at 490, fn.3. Here,

likewise, Plaintiff filed to dismiss its federal claims so promptly that Defendant has suffered no unreasonable expense except for its own self-imposed expense in demanding fees and costs. Otherwise, this case has followed a typical trajectory of "straight-forward tactical decision[s]" for which neither Plaintiff's counsel, nor Defendant's counsel frankly, deserves any punishment or blame.

## CONCLUSION

For all the foregoing reasons, 1) Plaintiff has standing, and 2) Plaintiff and its counsel should not be sanctioned.

**RESPECTFULLY SUBMITTED** this September 8, 2016.

**WILENCHIK & BARTNESS, P.C.**

 */s/ John D. Wilenchik*
Dennis I. Wilenchik, Esq.
Lawrence J. Felder, Esq.
John D. Wilenchik, Esq.
Brian J. Hembd, Esq.
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2016, I electronically transmitted the attached document using the CM/ECF system for filing, and which will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants.

*/s/ Christine M. Ferreira*