**Jaburg & Wilk, P.C.**
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
602.248.1000

Matthew T. Anderson (025934)
mta@jaburgwilk.com
Aaron K. Haar (030814)
akh@jaburgwilk.com

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Advocates for Individuals with Disabilities Foundation, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Golden Rule Properties, LLC, <br><br> Defendant. | Case No. 2:16-cv-02413-GMS <br><br> **Defendant's Supplemental Briefing Re Organizational Standing** <br><br> (Assigned to the Hon. G. Murray Snow) |

Pursuant to the Court's Order dated September 29, 2016 (Doc. 25), Defendant Golden Rule Properties, LLC ("Golden Rule") files its supplemental briefing regarding whether Plaintiff can rely on a non-shareholder individual to establish organizational standing. The non-shareholder individual lacks the requisite "closeness" with Plaintiff to generate organizational standing, and Plaintiff, therefore, lacks standing to pursue the current action. This briefing is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

At the show-cause hearing September 29, 2016, the Court identified that Plaintiff's purported member is not a shareholder of the corporation. The Court

authorized supplemental briefing on whether injury to a non-shareholder member can form the basis for organizational standing of a corporation.[1]

### A. Plaintiff cannot rely on its non-shareholder "member" for standing.

#### 1. Plaintiff and its non-shareholder member lack a close relationship.

The test for organizational standing requires, *inter alia*, a close relationship between the organization and the third party. *Coal. of Clergy, Lawyers, & Professors v. Bush*, 310 F.3d 1153, 1163 (9th Cir. 2002) (citing *Powers v. Ohio*, 499 U.S. 400, 410–11, 111 S.Ct. 1364 (1991)).[2] The Ninth Circuit has recognized that a corporation may, in certain circumstances, have a close relationship with its shareholders sufficient to demonstrate standing. *See Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1120 & n.9 (9th Cir. 2009) (noting U.S. Supreme Court cases recognizing standing of corporations to assert the free exercise rights of owners based on laws/regulations affecting the corporation). However, the mere fact of being a shareholder of a corporation does not, by itself, generate standing for the corporation. *See Keepers, Inc. v. City of Milford*, 807 F.3d 24, 40 (2d Cir. 2015) ("[B]ecause a 'corporation is a distinct legal entity' from its shareholders and officers, courts are not permitted to simply assume its standing to assert the rights of those third parties."); Wright & Miller, Federal Practice and Procedure, Rights Of Others—Organization Standing, 13A Fed. Prac. & Proc. Juris. §

---

[1] Plaintiff's late argument and request to remand based on standing under state law—raised for the first time at the show-cause hearing—should be deemed waived as it effectively precluded Golden Rule from adequately addressing the issue. Suffice it to say that even the state standing requirement is "rigorous" and requires "a distinct and palpable injury"; and, despite Arizona courts' ability to waive the requirements of standing, the courts do so "only in exceptional circumstances." *See Fernandez v. Takata Seat Belts, Inc.*, 108 P.3d 917, 919 (Ariz. 2005). Moreover, it seems enigmatic—and contrary to congressional intent—that a party lacking a sufficient injury to pursue a federal claim in federal court might still be able to pursue that claim in state court.

[2] The full test requires: (1) an injury-in-fact by the organization itself, (2) a close relationship to the third party, and (3) a hindrance to the third party's ability to protect his/her own rights. *Id*.

3531.9.5 (3d ed.) ("An ordinary commercial corporation, for example, generally should not be permitted to borrow standing from injured stockholders.").

But, of course, here, Plaintiff's purported member does not even have a shareholder relationship with the organization. The "close relationship" necessary to demonstrate third-party standing requires a "special, on-going relationship between plaintiffs and those whose rights allegedly were violated." *Voigt v. Savell*, 70 F.3d 1552, 1565 (9th Cir. 1995) (citing *Constr. Ind. Ass'n, Sonoma Co. v. City of Petaluma,* 522 F.2d 897, 904 (9th Cir. 1975)). The parties' interests must be "inextricably bound up." *Id*. at 1564 (citing *Singleton v. Wulff*, 428 U.S. 106, 114, 96 S.Ct. 2868, 2874 (1976)). An organization's interest in the litigation must make it "fully, or very nearly as effective a proponent of the right as the [third party]." *Id*. at 1564–65. The organization must demonstrate an interest that is distinct from the interest held by the public at large. *Sierra Club v. Morton*, 405 U.S. 727, 736–741, 92 S.Ct. 1361, 1367–1369 (1972). A mere special interest in a given issue is not enough, by itself, to confer organizational standing. *Id*. at 739, 92 S. Ct. 1361, 1368.

The cases finding such third-party standing demonstrate that the close relationship requires that the parties are almost equally affected by the subject of the litigation. *Voigt*, 70 F.3d at 1565. For example, in *Griswold v. Connecticut*, the court found a physician had standing to raise the rights of patients where the physician would be subject to criminal prosecution for serving those patients under the challenged statute. 381 U.S. 479, 481, 85 S.Ct. 1678, 1680 (1965). The parties had a close, protected, and confidential doctor-patient relationship, and both were substantially affected by the challenged law. But where a doctor does not maintain an ongoing relationship with the patient, there is no close relationship. *Massey v. Helman*, 196 F.3d 727, 738–742 (7th Cir. 1999). And even with an ongoing relationship, a physician may lack standing where the patients are capable of protecting their own interests or where there is no corresponding injury to the physician. *See King v. Governor of the State of New Jersey*, 767 F.3d 216, 243–244 (3d Cir. 2014) (patients capable of protecting own

3

interests); *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1448 (9th Cir. 1994), *overruled on other grounds by Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001) (no corresponding injury to physician).

In some cases, the confidential lawyer-client relationship has been deemed a close relationship for purposes of standing. *Caplin & Drysdale, Chartered v. U.S.*, 491 U.S. 617, 624 n.3, 109 S. Ct. 2646, 2651 n.3 (1989) (A law firm had standing to raise the constitutional rights of its client when the law firm petitioned for release of funds forfeited as proceeds of drug-law violations to pay its fees for representing the defendant in the proceedings that led to the forfeiture); *but see Boland v. Holder*, 682 F.3d 531, 536-537 (6th Cir. 2012) (finding that an attorney lacked standing to assert the rights of "future clients" because such clients would face no obstacle to raising their own rights).

And employers have been allowed standing on behalf of employees in certain circumstances. *Clark v. City of Lakewood*, 259 F.3d 996, 1009–1011 (9th Cir. 2001). But even that close relationship, on its own, does not create standing. *See Viceroy Gold Corp. v. Aubry*, 75 F.3d 482, 488–489 (9th Cir. 1996) (standing denied: employees were capable of representing their own interests); *White's Place, Inc. v. Glover*, 222 F.3d 1327, 1330 (11th Cir. 2000) (standing denied: employee's rights at issue not sufficiently related to the employment relationship); *O'Hare v. General Marine Transport Corp.*, 740 F.2d 160, 172–173 (2d Cir. 1984) (standing denied: no injury to employer).

The courts have even found that, in certain instances, vendors may have standing to assert the rights of their buyers. *Rack Room Shoes v. U.S.*, 718 F.3d 1370, 1374–1375 (Fed. Cir. 2013) (a shoe importer had standing to invoke the equal protection rights of customers in challenging tariffs that imposed higher rates on women's shoes than men's shoes; the importer had a close relationship with its customers, had suffered an injury in fact, and the customers had no remedy to challenge the tariff classification); *Rothner v. City of Chicago*, 929 F.2d 297, 300–301 (7th Cir. 1991) (a video game distributor had standing to challenge an ordinance prohibiting minors from playing video games during

school hours). In those instances, the parties were on each side of a regulated arm's-length transaction and both were substantially affected by the subject of the litigation. However, vendors have been found to lack standing where the customer is able to represent its own interests or the subject of the litigation has had only a limited impact on the vendor. *See The Pitt News v. Fisher*, 215 F.3d 354, 361–365 (3d Cir. 2000) (customers capable of championing their own interests); *Frank Rosenberg, Inc. v. Tazewell County*, 882 F.2d 1165 (7th Cir. 1989) (seller had only limited interest in dispute); *see also Conti v. City of Fremont*, 919 F.2d 1385, 1387–1388 (9th Cir. 1990) (seller lacked standing to seek damages based on injury to buyer).

Here, Plaintiff has not alleged (or argued) facts that might demonstrate it has anything more than a mere public interest in handicapped accessibility. As the Court observed at the show-cause hearing, Plaintiff's purported member is not a shareholder of the organization. Plaintiff and its purported member do not have any sort of confidential or special relationship. The parties' relationship is not protected, regulated, or otherwise recognized by law. The relationship does not appear to be ongoing. The purported member is not an employee. The purported member is not even a "member" as defined by the "indicia of membership" necessary to establish associational standing—an argument that Plaintiff, notably, abandoned early in the show-cause hearing.

Plaintiff's non-shareholder "member" is merely a member of the public with a similar interest. As demonstrated in Golden Rule's briefing for the order to show cause, Plaintiff alleges it has a close relationship with the entire disabled community, apparently arising from the gifts it gives to disabled individuals. (Doc. 22, p. 4). But giving a gift to someone, while perhaps ingratiating, does not create a special, on-going relationship with that person. The interests of Plaintiff and its purported member are in no way "inextricably bound up." If giving gifts created standing, a plaintiff would need only a Harry & David catalog to assert the rights of another. Such a relationship cannot satisfy either the constitutional or the prudential requirements of standing. Thus,

5

1 Plaintiff does not have a close relationship with its non-shareholder member to
2 demonstrate organizational standing.

### 2. Even if Plaintiff could demonstrate a close relationship with its non-shareholder member, Plaintiff cannot show a simultaneous injury from the alleged ADA violation.

An organization that seeks to litigate on its own behalf can demonstrate an injury when it suffers "both a diversion of its resources and a frustration of its mission." *La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1088 (9th Cir. 2010) (citing *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002)). The organization "cannot manufacture the injury by incurring litigation costs or simply choosing to spend money fixing a problem that otherwise would not affect the organization at all." *Id*. (citing *Fair Employment Council v. BMC Mktg. Corp.,* 28 F.3d 1268, 1276–77 (D.C. Cir. 1994)); *see also Nnebe v. Daus*, 644 F.3d 147, 156–158 (2d Cir. 2011) (recognizing standing of a taxi workers alliance where the action was not "manufactured litigation"). Instead, the organization must have expended resources it otherwise would have spent in other ways. *La Asociacion de Trabajadores*, 624 F.3d at 1088 (citing *El Rescate Legal Servs., Inc. v. Exec. Office of Immigration Rev.,* 959 F.2d 742, 748 (9th Cir. 1992)). The organization must have diverted resources away from its standard programming. *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1018-1019 (9th Cir. 2013); *Better Markets, Inc. v. United States Dep't of Justice*, 83 F. Supp. 3d 250, 255 (D.D.C. 2015) (the alleged injury may not be some "abstract concern"). Thus, organizations created for the purpose of litigation typically lack standing. *Animal Lovers Volunteer Ass'n Inc. v. Weinberger*, 765 F.2d 937, 939 (9th Cir. 1985); *Goldstein v. Costco Wholesale Corp.*, 278 F. Supp. 2d 766, 771–72 (E.D. Va. 2003); *Clark v. Burger King Corp.*, 255 F. Supp. 2d 334, 344–45 (D.N.J. 2003); *Ass'n For Disabled Americans v. Claypool Holdings, LLC*, 2001 WL 1112109, at *15 (S.D. Ind. Aug. 6, 2001).

Here, Plaintiff has not and cannot demonstrate an injury to itself. At oral argument, Plaintiff argued that its purpose is frustrated by ADA violations and that it is injured by virtue of its relationship to its "member." It has not argued it was forced to

divert resources. Plaintiff has chosen to and, in fact, exists for the purpose of engaging in litigation. Its purpose is to incite universal compliance with the ADA by filing serial lawsuits. It is funded by "settlements" from such lawsuits. Resources are not diverted from Plaintiff's standard programming by the alleged violation. Its standard programming *is* litigation; thus, Plaintiff actually *generates* resources by engaging in litigation. Therefore, any alleged injury to Plaintiff is manufactured and cannot form the basis of an injury sufficient to demonstrate standing.

### 3. Nothing hinders Plaintiff's non-shareholder member from representing her own rights.

Plaintiff has argued only that its role as a stand-in for the handicapped community is more efficient because it does not require one individual to incur the expense of bringing a lawsuit. But this falls far from demonstrating a hindrance to a third party's ability to protect his or her own rights. There is no apparent obstacle to Plaintiff's purported member bringing the lawsuit herself. The cost of suit is inherent in filing a lawsuit, whether filed by the organization or the third party. Thus, such costs cannot reasonably serve as the hindrance necessary to demonstrate third-party standing.

Therefore, Plaintiff cannot obtain standing through its non-shareholder member.

DATED this 4th day of October, 2016.

**Jaburg & Wilk, P.C.**

/s/ Aaron K. Haar
Matthew T. Anderson
Aaron K. Haar
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
Attorneys for Defendant

7

*Certificate of Service*

I hereby certify that on this 4th day of October, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Strojnik, Esq.
STROJNIK P.C.
1 East Washington Street, Suite 500
Phoenix, Arizona 85004
ps@strojnik.com

Fabian Zazueta, Esq.
Advocates for Individuals with Disabilities
40 North Central Ave, Suite 1400
Phoenix, AZ 85004
Telephone: (774) 768-2233
fabian@aid.org

Attorneys for Plaintiff


/s/ Kelli A. Cunningham