**Jaburg & Wilk, P.C.**
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
602.248.1000

Matthew T. Anderson (025934)
mta@jaburgwilk.com
Aaron K. Haar (030814)
akh@jaburgwilk.com

Attorneys for Defendant

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Advocates for Individuals with Disabilities Foundation, Inc., | Case No. 2:16-cv-02413-GMS |
| Plaintiff, | **Defendant's Application for Award of Attorney Fees and Related Non-Taxable Expenses** |
| v. | |
| Golden Rule Properties, LLC, | (Assigned to the Hon. G. Murray Snow) |
| Defendant. | |

Pursuant to Fed. R. Civ. P. 54(d)(2), LRCiv 54.2, and this Court's Order dated October 13, 2016 granting fees and costs (Doc. 28), Defendant Golden Rule Properties, LLC ("Golden Rule") files its application for an award of its attorney fees and related non-taxable expenses incurred in removal. This Motion is supported by the following Memorandum of Points and Authorities and supporting documentation as required by LRCiv 54.2(c) and (d), including a statement of consultation, fee agreement, itemized statement of fees and expenses, and declaration of moving counsel. Golden Rule will file an amended declaration to account for the time its attorneys spend drafting a reply to this application.

/ / /

/ / /

/ / /

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to 28 U.S.C. § 1927, 28 U.S.C. § 1447(c), and in accordance with LRCiv 54.2, Golden Rule respectfully moves this Court for an award of its reasonable attorney fees and costs incurred from removal to remand. Golden Rule calculates its awardable attorney fees at **$10,600.50**, and related non-taxable expenses **$406.00**. *See* Declaration of Matthew T. Anderson, attached hereto as **Exhibit A** and incorporated by this reference.

### I.   ELIGIBILITY AND NATURE OF CASE – LRCiv 54.2(c)(1)

If a person multiplies court proceedings unreasonably and vexatiously, that person "may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Such an award may be assessed against an attorney personally, if the attorney acted in bad faith. *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996).

Moreover, whenever the district court determines remand to state court is appropriate, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id*. Furthermore, the Court may assess fees and costs under its inherent powers if it determines that a party has acted in bad faith. *Haeger v. Goodyear Tire & Rubber Co.*, 813 F.3d 1233, 1254 (9th Cir. 2016) ("The district court's finding of bad faith authorized it to levy sanctions under its inherent power.") (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 50, 111 S.Ct. 2123 (1991)). On October 13, 2016, the Court entered an order finding that "counsel's behavior justifies imposing 'the excess costs, expenses, and attorneys' fees reasonably incurred' due to counsel's bad faith conduct" under 28 U.S.C. § 1927. (Doc. 28).  The Order also found that Plaintiff's "behavior was aimed at 'imposing costs on the opposing party,'" which was the exact type of behavior that justifies an award of fees under 28 U.S.C. § 1447(c).

The current case is a serial lawsuit, among more than a thousand identical lawsuits by the same party, filed under the Americans with Disabilities Act and the

Arizonans with Disabilities Act. Although irrelevant to reimbursement of expenses on removal, Golden Rule anticipates it will prevail on various grounds, including lack of standing and mootness. The award of expenses is appropriate, here, where the Plaintiff affirmatively induced Golden Rule to incur the expense of removal and immediately dismissed its federal claim to counteract removal, rendering Golden Rule's effort/expense a complete waste. Under such circumstances an award of fees and costs is just. Moreover, Plaintiff's bad faith conduct of imposing the removal-remand process for the sake of increasing expenses similarly justifies an award of fees and costs.

## II.     ENTITLEMENT – LRCiv 54.2(c)(2)

Where a person acts in bad faith and needlessly multiples proceedings, the Court may require that individual to "satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. An attorney acts in bad faith when he/she "knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Estate of Blas Through Chargualaf v. Winkler,* 792 F.2d 858, 860 (9th Cir. 1986).

Federal courts have discretion to award expenses on removal when such an award would be just. 28 U.S.C. § 1447(c). The U.S. Supreme Court has held that an award of expenses pursuant to 28 U.S.C. § 1447(c) should be faithful to the purposes of the statute, designed to avoid unnecessary delay and waste of resources. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140, 126 S. Ct. 704, 711 (2005) ("The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources."). Although such awards are typically granted to plaintiffs in the context of improper removal, the plain language of the statute authorizes the Court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The statute does not limit the required reimbursement to a particular party. The statute seeks to have justice done under the circumstances.

Here, Plaintiff and its attorneys' actions created needless delay and a waste of public and private resources. As the Court has recognized, their conduct appears contemplated to do exactly that. (Doc. 2, p. 9). Thus, an award of fees and costs incurred in removal is just.

The Ninth Circuit has held that attorney time spent moving for a fee award is proper to include as part of the Court's final attorney fee award. *Holland v. Roeser*, 37 F.3d 501 (9th Cir. 1994); *Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir. 1986) (holding that time spent preparing a fee application is compensable within a reasonable attorney fee).

## III.   REASONABLENESS OF REQUESTED AWARD – LRCiv 54.2(c)(3)

The total amount of fees and expenses requested by Golden Rule is reasonable. When calculating the amount of attorney fees to be awarded in litigation, the district court applies the lodestar method, multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "By and large, the [district] court should defer to the winning lawyer's professional judgment as to how much time he [or she] was required to spend on the case." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

In calculating the lodestar, the court should consider any of the relevant factors listed in *Kerr v. Screen Extras Guild, In*c., 526 F.2d 67, 70 (9th Cir. 1975); *see also Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1264 n. 11 (9th Cir. 1987) (noting that the Ninth Circuit no longer requires that the district court address every factor listed in *Kerr*). The *Kerr* factors include: (1) time and labor required; (2) novelty and difficulty of the questions involved; (3) skill required to perform the legal service properly; (4) preclusion of other employment by the attorney due to acceptance of the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) amount involved and the results obtained; (9) experience, reputation, and ability of the attorneys; (10) 'undesirability' of the case; (11) nature and length of the professional relationship with the client; and (12) awards in

similar cases. *Kerr*, 526 F.2d at 70. "The court considers only those Kerr factors it deems relevant to the present circumstances." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1221-22 (W.D. Wash. 2014). The *Kerr* factors have been made part of the local rules for the District of Arizona. *See* LRCiv 54.2(c)(3).

By utilizing the factors identified in *Kerr* and LRCiv 54.2(c)(3), it is evident that the attorneys' fees sought here are reasonable and should be awarded to Golden Rule.

### 1. Time and labor required

The amount of time and labor expended has been reasonable in light of the limited scope of the award. Counsel has attempted to work as efficiently as possible to keep costs low in an effort to defend the case for at or less than Plaintiff's extortive demands. *See* **Exhibit A**. Whenever possible, work was delegated to a lower-billing attorney to conserve Golden Rule's resources. *Id*. The specific task-based and itemized statement of fees and expenses is attached to the Declaration of Attorney Matthew T. Anderson (at *Exhibit 1*) and reflects that the time spent and expenses incurred were reasonable and necessary under the circumstances. *Id*. Golden Rule's counsel has exercised good billing judgment in the course of billing time in this matter and in making this Motion. *Id*. For this Motion, Golden Rule includes only those expenses incurred from removal to remand.

### 2. Novelty and difficulty of questions involved

The issues of federal subject matter jurisdiction and standing can be difficult and novel subjects. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 588, 119 S. Ct. 1563, 1572 (1999); *Wood v. City of San Diego*, 678 F.3d 1075, 1082 (9th Cir. 2012). The issues were particularly novel here, where Plaintiff failed to sufficiently allege standing and then scrambled to assert facts and various theories to generate standing upon amendment of its Complaint. And, in any event, Plaintiff's litigation tactics and gamesmanship increased the fees expended.

### 3.     Skill required to perform the legal service properly

The legal services required a significant amount of legal research and synthesis of complicated issues. Moreover, Plaintiff's unusual maneuvering to impose unnecessary costs required additional time in evaluating procedural and strategic options. The time expended was necessary to effect Golden Rule's legal strategy, and counsel was precluded from other work as a result of their efforts.

### 4.     Customary fees charged and experience of counsel

In assessing a reasonable hourly rate for the lodestar figure, courts should consider the prevailing market rate in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Blum v. Stenson*, 465 U.S. 886, 895–96 and n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). The relevant community for purposes of determining the prevailing market rate is generally the "forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir.1990). "Under Arizona Law, 'in corporate and commercial litigation between fee-paying clients, there is no need to determine the reasonable hourly rate prevailing in the community for similar work because the rate charged by the lawyer to the client is the best indication for what is reasonable under the circumstances of a particular case.'" *Cheeks v. Gen. Dynamics Corp.*, CV-12-01543-PHX-JAT, 2014 WL 5465285, at *6 (D. Ariz. Oct. 28, 2014) (quoting *Hummingbird Defense Systems, Inc. v. Ye,* No. CV-06-2151-PHX-JAT, 2007 WL 4200751, at *4 (D. Ariz. 2007)).

Nevertheless, the billing rates charged by Golden Rule's counsel are reasonable and well within the prevailing hourly rates in the community for similar work. According to the 2013 Economics of Law Practice in Arizona produced by the State Bar of Arizona, the average rate for attorneys in business litigation was $336.00/hour. *See*

6

2013 Economics of Law Practice (State Bar of Arizona 2013). In a 2012 ADA case, the district court found reasonable the hourly rate of an attorney with 16 years of experience at $375.00/hour. *Vesecky v. Wilshire Asps., LLC*, CV-11-1180-PHX-LOA, 2012 WL 715564, at *11 (D. Ariz. Mar. 6, 2012).

Golden Rule's lead attorney, Matthew T. Anderson is a partner with Jaburg Wilk and has been practicing law for more than eight years. Exhibit A. He focuses his practice on hospitality and complex litigation. He has extensive experience in ADA-related cases. He is a member of the Retail, Restaurant & Hospitality Committee of the Claims & Litigation Management Alliance (CLM) and a former Steering Committee Member of the ALFA International Hospitality Law Practice Group. Mr. Anderson co-authored the Arizona Claims Handling Guide, published by the Claims & Litigation Management Alliance. He regularly publishes articles on hospitality defense related issues. Mr. Anderson's typical hourly billing rate is $300.00/hour. However, due to an agreement with Golden Rule and the nature of these ADA cases, he is billing at a reduced rate of $265.00/hour. This rate is below his customary charges and is reasonable and appropriate for his level of experience, the type of skills involved, and the practice of law in Phoenix, Arizona.

For purposes of this Motion and narrowed fee application, Golden Rule also seeks an award of fees for legal services performed by an associate at Jaburg Wilk, Aaron Haar. Mr. Haar's typical billing rate is $220.00/hour, which is the rate he is billed at in the current case. Mr. Haar has been with the firm for more than three years—and has been licensed to practice law since December 6, 2013. His area of practice focuses on business litigation. Mr. Haar's customary fee charged is reasonable and appropriate for his level of experience, the type of skills involved, and the practice of law in Phoenix, Arizona. *See* Exhibit A.

According to the State Bar's 2013 Economics of Law Practice, the 25th- to 75th-percentile range of billable rates for associates with 1–4 years of experience is $185 to $250. *See* 2013 Economics of Law Practice, p. 22 (State Bar of Arizona 2013). For law

7

firms with more than 20 attorneys (which includes Mr. Haar's firm), that range is $195 to $240—with a median rate of $220. *Id.* And Mr. Haar's experience (of approximately three years) is on the higher side of that 1–4 year range. Thus, Mr. Haar's billable rate of $220 per hour is reasonable and well within the prevailing hourly rates in the community for similar work.

Each of the attorneys involved in this litigation for Golden Rule is of good standing with the Arizona Supreme Court and the State Bar, has the requisite level of experience and necessary skills for the particular services performed in this matter, and maintains a stellar reputation in the legal community.

### 5. Fixed/hourly fee arrangement

The fee arrangement executed between Golden Rule and its attorneys was for an hourly fee, a copy of which is attached as ***Exhibit 2*** to the Declaration of Mr. Anderson (Exhibit A).

### 6. Value of rights involved and results obtained

LRCiv 54(c)(3)(H) expands *Kerr* factor "(8)" ("the amount involved and the results obtained") to include, alternatively, "the value of rights involved." Golden Rule's right to defend itself in a fair and efficient venue is vital to the efficient administration of justice. Obtaining an award to reimburse the expenses unreasonably imposed by Plaintiff helps vindicate those rights. Plaintiff's gamesmanship undercuts the entire system for its own personal financial gain. Such conduct should be discouraged. An award of fees and costs will hopefully discourage such conduct in the future.

### 7. Nature and length of the attorney-client relationship

Jaburg Wilk has represented Golden Rule since immediately after the current lawsuit was filed. The firm represents Golden Rule in two different lawsuits.

### 8. Awards in similar cases

Awards under 28 U.S.C. § 1927 depend on the circumstances because the statute authorizes taxing of "excess costs, expenses, and attorneys' fees reasonably incurred

because of such [bad faith] conduct." *See, e.g.*, *Optyl Eyewear Fashion Int'l Corp. v. Style Companies, Ltd.*, 760 F.2d 1045, 1051 (9th Cir. 1985) (affirming award of $7,000 for bringing frivolous disqualification motion); *Stone Creek Inc. v. Omnia Italian Design Inc.*, CV-13-00688-PHX-DLR, 2016 WL 492629, at *4 (D. Ariz. Feb. 9, 2016) (awarding $18,589 for bad faith pursuit of actual damages claim); *Terrebonne, Ltd. of California v. Murray*, 1 F. Supp. 2d 1050, 1076 (E.D. Cal. 1998) (awarding $21,817.22 for, inter alia, advocating a legally meritless theory and obtaining confidential information by deceit).

There are few cases in Arizona that discuss the amount of fees awarded under 28 U.S.C. § 1447(c). In a 2011 case, the court approved an application for $3,358.71, which consisted of 16.45 hours of work at $200/hour and related expenses. *LaCount v. Yavapai County*, CV-10-8251-PCT-FJM, 2011 WL 2784885, at *2 (D. Ariz. July 15, 2011). In a 1992 case, the Ninth Circuit affirmed the California district court's award of $11,885.65 in costs and fees under 28 U.S.C. § 1447(c). *Moore v. Permanente Med. Group, Inc.*, 980 F.2d 738 (9th Cir. 1992). Here, based on the additional unnecessary expenses imposed by Plaintiff, the amount of time and corresponding fees incurred by Golden Rule are in line with these reasonable awards.

## IV.   CONCLUSION

For the foregoing reasons, and consistent with the Court's October 13, 2016 award of fees and costs, Defendant Golden Rule Properties, LLC respectfully requests the Court award it attorney fees of **$10,600.50**, and its related non-taxable expenses of **$406.00**.

DATED this 27th day of October, 2016.

**Jaburg & Wilk, P.C.**

/s/ Aaron K. Haar
Matthew T. Anderson
Aaron K. Haar
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
Attorneys for Defendant

9

**Separate Statement of Consultation**

Pursuant to LRCiv 54.2(d)(1), undersigned counsel hereby certifies, under penalty of perjury, that on October 26, 2016, attorney Aaron K. Haar personally spoke, via telephone, with Plaintiff's attorney, Fabian Zazueta, and on October 27, 2016 with Plaintiff's attorney Craig Broadman, regarding Golden Rule's award of attorney fees and costs. In the calls, attorney Haar confirmed that, unless the parties are able to satisfactorily resolve the issue of attorney fees and costs, Golden Rule must proceed with seeking attorney fees in accordance with LRCiv 54.2. Counsel for the parties were unable to satisfactorily resolve all disputed issues relating to attorney fees awardable to Golden Rule.

/s/ Aaron K. Haar

*Certificate of Service*

I hereby certify that on this 27th day of October, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Strojnik, Esq.
Strojnik P.C.
1 East Washington Street, Suite 500
Phoenix, Arizona 85004
ps@strojnik.com

Fabian Zazueta, Esq.
Advocates for Individuals with Disabilities
40 North Central Ave, Suite 1400
Phoenix, AZ 85004
Telephone: (774) 768-2233
fabian@aid.org

Dennis I. Wilenchik, Esq.
Lawrence J. Felder, Esq.
John D. Wilenchik, Esq.
Brian J. Hembd, Esq.
Wilenchik & Bartness, P.C.
2810 North Third Street
Phoenix, Arizona 85004
Telephone: (602) 606-2810
admin@wb-law.com

Attorneys for Plaintiff


/s/ Kelli Cunningham