**WILENCHIK & BARTNESS**
— A PROFESSIONAL CORPORATION —

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone: 602-606-2810    Facsimile: 602-606-2811

Dennis I. Wilenchik, #005350
Lawrence J. Felder, #019763
John D. Wilenchik, #029353
Brian J. Hembd, #029817
admin@wb-law.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Advocates for Individuals with Disabilities Foundation Incorporated,**<br>　　　　　　　　　　**Plaintiff;**<br>v.<br>**Golden Rule Properties LLC,**<br>　　　　　　　　　　**Defendant.** | Case No. 2:16-cv-02413-PHX-GMS<br><br>**MOTION TO RECONSIDER**<br><br>**(Assigned to the Honorable G. Murray Snow)** |

Plaintiff, Peter Strojnik, and Fabian Zazueta ("Moving Parties") hereby move for reconsideration of the Court's Order on the grounds that it contains a manifest error of fact.[1] Plaintiff also moves for reconsideration due to a manifest error of law with respect to 28 U.S.C. § 1447(c).

---

[1] A motion for reconsideration can be granted only on one of four grounds: "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003)(internal quotations and emphasis omitted). L.R. Civ. 7.2(g)(1) also provides that the motion "shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court"; shall identify any new matters being raised; shall explain the reasons why they were not presented earlier; shall identify any specific modifications sought; and shall not repeat arguments already made.

At page 9, lines 21-22, the Court's Order states that "AID and its counsel have an established practice of misleading opposing counsel," and that "this is not the first encounter Defendant's counsel has had with AID, Mr. Strojnik, and Mr. Zazueta." As evidence of this, the Court cites to the case that went before Judge Tuchi, *Advocates for Individuals with Disabilities Foundation, Incorporated v. Sun West Dental Properties, LLC*, 16-cv-02416-JJT, Doc. 8 (at pages 10, 13). However, that case actually involved the *same* incident, the same email, and a letter that defense counsel sent out on the same day as the letter in this case. *Compare* Doc. 10 at 13 with Doc. 8 in 16-cv-02416-JJT, page 13 (same email dated July 19th addressing both cases); Doc. 10 at 10 with Doc. 8 in 16-cv-02416-JJT, page 10 (letters dated same day). Therefore, to regard it as evidence of an "established practice of misleading opposing counsel" constitutes a manifest error of fact. When Plaintiff's counsel (Fabian Zazueta) sent his email indicating that Plaintiff "will address this issue at some later date, but as of now, we [plaintiffs] intend on pursuing our cases of action under AzDA and ADA," he was addressing both this case and the *Sun West* case that went before Judge Tuchi. (See Doc. 10, page 14, listing both this case and the "AID v. Sun West Dental Properties LLC" case under the first bullet point.) Therefore, to the extent that the Court considered this to be evidence of an "established practice"—and found it to be clear and persuasive evidence that Plaintiff's counsel acted in bad faith—the Court's Order is premised on a manifest error of fact, and Moving Parties ask that it be reconsidered and vacated. Plaintiff did not raise this at the evidentiary hearing because the Court did not indicate during the hearing that it believed Judge Tuchi's case was evidence of a *prior* incident or established practice—as opposed to the *same* incident—and therefore this Motion for Reconsideration is proper. In actuality, AID's counsel only had one prior "incident" with Defendant's counsel concerning removing and remanding cases, which occurred five days prior to the incident at issue in this case; and in that incident, AID *voluntarily* paid the defendants' cost of removal, at the recommendation of Plaintiff's counsel Peter Strojnik and Fabian Zazueta. (*See* Declarations

attached hereto.) Plaintiff and its counsel did this purely out of good faith, and not as the result of any court order, for a total payment of $3,200 by AID which was made five days prior to the incident here ($400 for each defendant, and with no requirement that the defendants even waive their claim to fees). Finally, Mr. Zazueta did recommend to AID that it just stipulate to dismiss its claims prior to removal, as described in his attached Declaration. (Mr. Zazueta was not comfortable bringing this up in his testimony at the evidentiary hearing, because it is an attorney-client communication, and his client had not given him express consent to disclose it prior to the hearing. His client has since consented.) Mr. Strojnik and Mr. Callan (of AID) were opposed because they believed that the defendant should have to actually remove the case first, per court rules. (See their Declarations, attached.) Mr. Strojnik had nothing to gain from this recommendation, as he works these cases *pro bono*. (Mr. Zazueta is also salaried and not paid hourly or on contingency.)

Finally, the fact is that Mr. Strojnik and Mr. Callan made a decision that was legally correct, and there is no clear[2] evidence of subjective recklessness or bad faith to support sanctions against counsel in this case. *Baddie* forcefully states that it is an abuse of discretion to sanction plaintiffs merely because they insist on maintaining federal claims until the defendant removes the case ("it would be an abuse of discretion…to penalize plaintiffs who…plead both state and federal claims in state court, with the intent to dismiss federal claims later to avoid federal court *if the defendant removes*")(emphasis added).[3] Defense counsel's emails also demonstrate that Defendant removed the claims to federal court merely for the purpose of forcing plaintiff to dismiss them (defense counsel writes that they "intend to remove every case"

---

[2] Sanctions under Section 1927 should only be imposed where there is a "clear" showing of bad faith. Federal Trial Handbook Civil § 75:33 (4th ed.); *see also Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996).

[3] *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995).

3

so that plaintiff stops bringing federal claims, see Doc. 10 at bottom of page 13), which could just as well be interpreted as "bad faith" and "multiplying the proceedings" under Section 1927. This is a succinct demonstration of the policy rationale behind *Baddie*, which is that neither party should be regarded as acting in bad faith when it forces the other party to go through the remand-removal process, even if it is just to serve its own ends, since both parties are equally culpable for the dispute about forum. This alone may not form the basis for sanctions on the grounds that counsel is acting "recklessly," or in bad faith. The Court should also be careful not to punish Plaintiff or its counsel simply because Plaintiff is a serial litigant, as the Ninth Circuit strongly cautioned in *Molski v. Evergreen Dynasty Corp*;[4] or to let that fact color its judgment on the issue, such that its ruling reflects more of its sentiment about serial ligation than whether there is the clear evidence that counsel acted in bad faith. In sum, there is no evidence of a pattern of bad faith by the Moving Parties, and in fact there is clear evidence of a pattern of "good faith" by Plaintiff and its counsel, when their actual pattern of conduct is considered. Further, Mr. Zazueta personally opposed the decision not to stipulate to dismissal and was acting on the instructions of his client, and sanctions against him personally are unwarranted.

<u>The Award of Fees under 28 U.S.C. § 1447(c) is a Manifest Error of Law</u>

Finally, to award fees against Plaintiff under 28 U.S.C. § 1447(c) is a manifest of error law, given the interpretation of the statutory language in *Baddie*. 64 F.3d at 490 (see subsection II, entitled "28 U.S.C. § 1447(c) DOES NOT AUTHORIZE THE AWARD"). The Ninth Circuit expressly found that section 1447(c) only applies when the removal by the *defendant* was improper. "…[S]ection 1447(c) does not authorize an award of costs or fees when the initial

---

[4] "Most ADA suits are brought by a small number of private plaintiffs who view themselves as champions of the disabled. **District courts should not condemn such serial litigation as vexatious as a matter of course.** For the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1062 (9th Cir. 2007)(emphasis added).

4

removal was proper…The language of section 1447(c) refers to the payment of expenses 'incurred as a result of the removal.' Where the removal was proper but plaintiffs take action subsequent to removal to precipitate remand, the expense of opposing remand would not have been incurred absent the removal. That expense, however, is proximately caused by the plaintiffs' subsequent action rather than by the removal itself. Such an expense, therefore, is not 'a result of the removal,' and therefore is not authorized under section 1447(c)." *Id.*

## CONCLUSION

For the foregoing reasons, the Moving Parties ask for reconsideration of the Court's Order finding that Moving Parties acted in bad faith, and awarding attorneys' fees against them, and that such Orders be vacated.

**RESPECTFULLY SUBMITTED** October 27, 2016.

**WILENCHIK & BARTNESS, P.C.**

*/s/ John D. Wilenchik*
Dennis I. Wilenchik, Esq.
Lawrence J. Felder, Esq.
John D. Wilenchik, Esq.
Brian J. Hembd, Esq.
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2016, I electronically transmitted the attached document using the CM/ECF system for filing, and which will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants.

*/s/ Christine M. Ferreira*