**DECLARATION OF FABIAN ZAZUETA**

I, Fabian Zazueta, being of sound mind, do hereby declare as follows:

1. I am in-house counsel for Advocates for Individuals with Disabilities Foundation Incorporated ("AID").

2. In my role as in-house counsel for AID, I had only one prior interaction with defense counsel concerning removing and remanding cases, prior to the interaction at issue here. The *Sun West Dental* case (which went before Judge Tuchi of this Court) concerned exactly the same "incident" as this case, and it does not reflect "any established practice of misleading opposing counsel," nor is there any.

3. My prior interaction with this same defense counsel concerning removing and remanding cases was five days prior, on July 14, 2016; and in that interaction, I, along with Peter Strojnik, recommended to AID that it voluntarily reimburse the defendants for the cost of removal, which AID (by and through Alex Callan) in fact did. This was five days prior to my July 19, 2016 email at issue in this case (in which I wrote that "[we] will address this issue at some later date, but as of now, we intend on pursing our causes of action under AzDA and ADA"). On or about July 14, AID paid $400 to each of the defendants represented by this same defense counsel for their removal costs, for a total of $3,200. AID did this in good faith, and absent any court order that it do so. My emails reflecting this prior interaction with defense counsel are attached as Exhibit "A" hereto.

4. With respect to my email at issue in this case (Doc. 8 at page 13),[1] I had recommended to AID that it just stipulate to dismiss its federal claims prior to removal, but Mr. Strojnik and AID (Mr. Callan) had opposed this. I did not testify about this at the evidentiary hearing, and

---

[1] Document 8, page 13.

I was uncomfortable to testify about it, because it was an attorney-client communication, and AID had not expressly consented to me disclosing it before the hearing. However, AID has now expressly consented to this disclosure.

5. In my July 19, 2016 email, I wrote that "Outside counsel [Mr. Strojnik] and my client [AID]…will address this issue at some later date, but as of now, we intend on pursing our causes of action under AzDA and ADA." Given that AID had just agreed to reimburse this same defense counsel's clients five days earlier under similar circumstances, I made this statement expecting that a similar process could be followed in this case. And despite my personal opposition to it, I believed that, following the court rules as interpreted by *Baddie*, that it was entirely proper for AID to wait until after the defendant had actually removed the case to drop its federal claims, and to intend to keep its federal claims unless and until that happened.

6. I, as in house counsel for AID, was not and could not have been motivated to increase litigations costs, fees, or any expense for opposing counsel. I am a salaried employee for AID, and I do not even benefit from doing so.

7. My intent was not to increase defendants' costs. As in-house counsel for AID, my intent is to work to bring about statewide ADA compliance with all public accommodations. The sooner cases are resolved and with the less expense, the sooner AID's goal is achieved.

I declare under penalty of perjury that the foregoing is true and correct. Executed on the 27th day of October, 2016.

/s/ Fabian Zazueta

Fabian Zazueta

2