Peter Strojnik, State Bar No. 6464
**Strojnik P.C.**
1East Washington St., Suite 500
Phoenix, AZ 85004

Fabian Zazueta, State Bar No. 032687
**Advocates for Individuals with Disabilities**
40 North Central Ave., Suite 1400
Phoenix, AZ 85004
Telephone: (774) 768-2233
fabian@aid.org
2706EUniversityDr@aid.org

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Advocates for Individuals with Disabilities Foundation, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Golden Rule Properties, LLC, <br><br> Defendant. | Case No. 2:16-cv-02413-GMS <br><br> **Response in Opposition to Defendant's Application for Award of Attorneys' Fees and Related Non-Taxable Expenses** |

Plaintiff, Advocates for Individuals with Disabilities Foundation, Inc., by and through undersigned counsel pursuant to Fed.R.Civ.P. 54(d) and Ariz.L.R.Civ. 54.2(f) hereby responds in opposition to Defendant's Application for an Award of Attorneys' Fees and Costs. This Response is supported by the following Memorandum of Points and Authorities.

**Memorandum of Points and Authorities**

### A. Background

This Action was filed in the Maricopa County Superior Court on June 9, 2016, against Golden Rule Properties, LLC ("Defendant"), alleging violations of/or negligent compliance with the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq., and its Arizona counterpart, Arizona Revised Statute §§ 41-1492 et. seq., and applicable implementing regulations. (Doc 1). The action arose after Plaintiff received reports that Defendant's place

of public accommodation was not open to all members of the public and that Golden Rule Properties openly discriminated against individuals with disabilities.

Due to the broad standards of A.R.S §§ 41-1492.08 which directs "any person" with the belief that an entity has engaged in prohibited discriminatory practices to file a civil action not later than two years after the occurrence or the termination of an alleged discriminatory public accommodation practice, Plaintiff, at its own expense sent disability experts to Golden Rule Properties to investigate whether or not Golden Rule Properties was engaged in discriminating against individuals with disabilities.

Upon inspection, Defendant's public accommodation lacked the necessary signs designating van accessible parking spaces (see Exhibit A). While reports indicate additional statutory violations including numerous failures to provide adequate accommodations within the interior of the building, Plaintiff has nevertheless not yet been able to perform a full interior inspection until discovery at a later point in this action. The reports of the property and detailed inspection revealed that Golden Rule Properties openly discriminates against individuals who require wheelchair vans. Despite notice and months of ongoing litigation, Golden Rule Properties prefers to aggressively litigate rather than accommodate its place of business for individuals with disabilities in its community.

There is no factual dispute from Defendant. It purposefully violated federal and state law. Any award of costs or fees would be premature given the ultimate order by the appropriate State Court which will include an injunction as well as fees awarded against Golden Rule Properties for its discriminatory practices. The award of fees proposed by Defendant would have a chilling effect on civil rights litigation due to the ability of well-funded Defendants to aggressively assert financial dominance over minority communities. Furthermore, the Application, and its accompanying Declaration, represents a clear display of driving up attorneys' fees for illegitimate reasons. No award of fees or costs would be reasonable under the circumstances and in light of controlling law.

**B.  Defendants' Fees and Costs Are Unreasonable**

    a.  <u>Removal was inappropriate</u>

Defendant used the removal process for an improper purpose, to drive up attorneys' fees and costs. Defendant's Answer admitted on page 2 that jurisdiction and venue was proper in the Superior Court of Arizona. Defendant claimed in its Notice of Removal that it sought removal for purposes of litigating a federal question arising under the ADA. However, Defendant's subsequent conduct reflect its intent to drive up fees and costs in a forum in which remand was the only legal outcome. U.S. Const. Art. III prohibits ADA causes of action by parties who do not allege facts necessary to demonstrate standing. Either Defendant knew Plaintiff's federal causes of action could not be answered by this Court or Defendant was ignorant of the law and reached incorrect conclusions. Defendant should have known that "the constraints of Article III [of the United States Constitution] do not apply to state courts." *Mayer Unified Sch. Dist. v. Winkleman,* 220 Ariz. 378, 388, 207 P.3d 631, 641 (Ct. App. 2008) *citing Asarco Inc. v. Kadish*, 490 U.S. 605, 617 (1989).

Proper analysis of the law did lead, or should have led, Defendant and its counsel to conclude that removal would have the legal effect of delay, unnecessary costs, and this Court's interaction with a case over which it lacks jurisdiction. With that knowledge, Defendant proceeded with removal which forced Plaintiff to participate in an action which had only one potential outcome: remand to Arizona Superior Court. As Defendant did plan, or should have planned, this case has been remanded, but not before Defendant claims that its hired counsel spent $11,006.50 in unnecessary fees and costs.

Defendant's plan is clear and it had the desired result. Plaintiff endured months of litigation and now proceeds in Arizona State Court after a five-month delay. It would be an

abuse of discretion to reward Defendants and its attorneys for improper motives, or ignorance of the law throughout the removal process. Defendant has claimed no intent to actually litigate federal claims, as it deceptively stated in its Notice of Removal, but removed for the purposes of delay, avoiding compliance with the federal statutes it violated, and to incur fees and costs before remand.

b. <u>Defendant has not contracted to pay the legal fees it seeks</u>

The declaration of Defendant's attorney claims Defendant retained through a contract the attorneys' law firm. As evidence of that fee agreement required by all practicing attorneys Defendant's attorney attached an email with a man identified as Greg. Not only is an email from only one party insufficient to bind Greg to the terms of the contract, but the email fails to bind Defendant Golden Rule Properties. Defendant is not mentioned in the email supporting the existence of an attorney-client relationship. Even Greg himself would not be bound by the obligation to pay the declarant for work performed on his behalf due to the insufficiency of the alleged contract.

In recognition of the obvious lack of an attorney-client fee agreement, Defendant's attorney attempts to remedy the missing contract by attaching another contract for a separate matter. That contract concerns different legal work and cannot bind the parties. Furthermore, that contract is not between Defendant's firm and Defendant, but is with an individual Defendant's attorney identifies as Gregory Page. Gregory Page makes no statement in support of the declaration and makes no claim for why he should be reimbursed for the funds the attorneys seek to collect from him. Absent a statement from Gregory Page, and a satisfactory contract satisfying local ethical standards, Defendant is not entitled to recover fees because Defendant never promised to pay fees. Gregory Page's personal crusade against

4

individuals with disabilities does not entitle him to obtain money from Plaintiffs because he is not a named party to this action.

c.  <u>Junior Associate rates represent overcharging to an unsophisticated client</u>

In the email claimed to act as a contract for legal services, no rates or billing procedures are discussed. Defendant's attorney claims that Defendant is bound to pay the rates it has stated in its declaration, but the Court should not award a firm for misleading an unsophisticated client and overcharging individuals for excess work performed by a new attorney and billed at excessive rates. The Declaration claims that new attorney Aaron K. Haar spent 42.4 hours on this single case which proceeded through the removal and remand process. The Declaration suggests that $220 per hour is an appropriate rate for a new attorney without relevant experience.

The record of the proceedings between the senior attorney, who directly benefits from overcharging an unsophisticated client, and the email recipient, Greg, shows the attempt to use untrained legal work and pass it off at rates much greater than rates understood by those familiar with standard business and legal practices. While the individual identified in the "contract" as Greg may have suffered significant losses, it is not Plaintiff's obligation to remedy what is an apparent abusive business relationship. Not only is Greg not entitled to an award from this court as a non-party, but he must bring his actions for overcharging in a separate suit.

d.  <u>Additional Lapses in billing judgment are prevalent</u>

The aforementioned Declaration (Doc. 30-1) contains numerous lapses in "billing judgment" as required by Ariz.L.R.Civ. 54(d)(4)(C). The affiant of that declaration, Matthew T. Anderson, swears that he is best suited to issue the declaration. Yet the statement of actual

work performed reveals that attorney Aaron K. Haar performed nearly all of the work in this matter. The only time entries by Mr. Anderson are duplicative and indicate his limited supervision, not actual legal work. Mr. Haar's excessive time and excessive rates are those which should be eliminated and he is in the best position to request those fees from this Court.

It is error for affiant's firm to assign two attorneys and charge its client for two attorneys on a relatively simple matter with no facts in dispute within an area of law that Mr. Anderson claims as his specific area of expertise. In addition to the duplicity of attorney effort, Mr. Haar's time entries reflect consultation with a third unnamed party identified only as an ADA expert. Mr. Anderson's claims as an expert himself weaken in light of the need for several hours of outside expert opinions on a simple sign issue. If Mr. Haar's involvement in the case is done by his firm for his training and education then his firm should bear those expenses, not the client, not Gregory Page, and not Plaintiff. The duplicity of time is heightened when time is wasted together.

Mr. Haar spent 3.20 hours on a single day researching the issue of associational standing. This is a topic which should be well within the areas of expertise of Mr. Anderson and the firm's outside expert, yet they claim they billed their client $704 for this superfluous research. A single filing addressing the Order to show cause in this matter requires Defendant's counsel 24.4 attorney hours. The attorneys thereafter spent over 8.3 hours on a single hearing, on topics of which they claim as areas of expertise. These billing entries are excessive and show a lack of professional judgment. While a junior associate was billing excessively, the lack of time by the claimed expert attorney shows a lack of involvement and lack of concern. The overall pattern shows a firm's intent to educate a new attorney rather than assign a single qualified lawyer. The declaration's misrepresentations and unreasonable demands betray the strict requirements of Ariz.L.R.Civ. 54.2. The qualifying time entries should be limited to removal alone, which totals $238.50 in fees and $400.00 in costs.

**C. Fees and Costs Incurred are not Recoverable**

The law does not support an award of fees and costs to Defendant. It is an abuse of

discretion to award fees and costs against a party that dismisses federal claims, even where it is done simply because the plaintiff seeks to avoid federal court. *Baddie v. Berkeley Farms, Inc*., 64 F.3d 487, 491 (9th Cir. 1995).

Defendant's expenses are a result of their own plan to remove and delay the proceedings through eventual and required remand, not "'a result of the removal,' and therefore is not authorized under section 1447(c)." *Id*. Defendant in this case was not obligated to remove; rather, the case history shows that they delayed the process whereby the state court would resolve claims.

Courts often examine whether an award of attorney fees or costs as a term and condition of voluntary dismissal would yield an inconsistent result with respect to statutes controlling the issue of fee awards to a prevailing party; where the imposition of attorney fees or costs would produce an "anomalous result" if a defendant could not recover fees if they prevailed at trial, then such factors weighs strongly against such an award. *Stevedoring Services of America v. Armilla Intern. B.V*., 889 F.2d 919, 920-21 (9th Cir. 1989*); Williams v. Peralta*, 227 F.R.D. 538, 540 (N.D. Cal. 2005).

Despite an attorney's obligation to advise clients on the relevant areas of the law, the billing entries reveal the strategies and motivations of Golden Rule Properties and its attorneys. Nowhere does Golden Rule Properties seek advice from its legal advocate as to how it may accommodate its place of business for individuals with disabilities. Nowhere in the services rendered do Golden Rule Properties' attorneys suggest that complying with a 26 year-old federal civil rights law. After hours upon hours of legal work and thousands of claimed client funds expended, never is the best interest of the client and the community a topic of discussion. Rather, avoiding compliance with local and national law designed to prevent discrimination is the apparent goal of Golden Rule Properties, while the firm hired seeks the funds of Gregory Page personally. To reward such obviously nefarious motives and past illegal actions would be counter to public policy which should punish law-breakers, not reward them by enriching them.

1

2

**D.      Conclusion**

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this court deny Defendant's Application for Award of Attorneys' Fees and Related Non-Taxable Expenses, or, alternatively, award Defendant no more than $638.50**.**

RESPECTFULLY SUBMITTED this 4th day of November, 2016.

**STROJNIK P.C.**
By: */s/ Peter Strojnik*
Peter Strojnik
Attorney for Plaintiff

*Certificate of Service*

I hereby certify that on this 4th day of November, 2016, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Jaburg & Wilk, P.C.
Matthew T. Anderson
3200 N. Central Ave., 20th Floor
Phoenix, AZ 85012
mta@jaburgwilk.com