**Jaburg & Wilk, P.C.**
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
602.248.1000

Matthew T. Anderson (025934)
mta@jaburgwilk.com
Aaron K. Haar (030814)
akh@jaburgwilk.com

Attorneys for Defendant

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Advocates for Individuals with Disabilities Foundation, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Golden Rule Properties, LLC, <br><br> Defendant. | Case No. 2:16-cv-02413-GMS <br><br> **Amended Declaration of Attorney Matthew T. Anderson in Support of Defendant's Application for Award of Attorney Fees and Related Non-Taxable Expenses** <br><br> (Assigned to the Hon. G. Murray Snow) |

I, Matthew T. Anderson, declare as follows:

1.   I am a licensed practicing attorney within the State of Arizona and am a partner with the law firm of Jaburg & Wilk, P.C. (the "Law Firm"). I am lead counsel representing Defendant Golden Rule Properties, LLC ("Golden Rule") in this matter, and this Declaration is made of my own personal knowledge and is submitted in support of Defendant's Motion for Award of Attorney Fees and Related Non-Taxable Expenses.

2.   I have practiced in the area of business and commercial litigation, including hospitality defense and complex litigation, in both state and federal courts in Arizona. I have extensive experience in ADA-related cases. I have been practicing law for more than eight years, and I am in good standing with the Arizona Supreme Court and Arizona State Bar, and maintain a good reputation in the legal community. The

Court can learn more about my background from the information at my firm's website, http://www.jaburgwilk.com//our-people/matt-anderson.

3. Mr. Aaron Haar is an associate attorney who worked on this matter. Whenever possible, I delegated work on this case to Mr. Haar. He has been with the firm for more than three years, has been licensed to practice law since December 6, 2013, and is in good standing with the Arizona Bar. More can be learned about Mr. Haar here: www.jaburgwilk.com/our-people/aaron-k-haar.

4. The Law Firm was retained by Golden Rule to represent it in this matter pursuant to an hourly fee agreement, whereby the Law Firm agreed to perform legal services in consideration for fees and costs to be charged and paid in accordance with the Law Firm's normal rates and billing procedures. Due to the nature of these ADA lawsuits, I agreed to perform legal services under the fee agreement at a discounted rate. All fees and costs incurred in the above-captioned litigation were billed pursuant to this fee agreement. A copy of this fee agreement—including the email confirming representation under the agreement for the current case—as signed by Golden Rule is attached as "***Exhibit 2***."

5. My discounted billing rate, and the usual and customary billing rates for the other attorneys who worked on this case, were established by agreement between the Law Firm and Golden Rule by taking into account each of our experiences and training.

6. The attorneys working on this case charged the following hourly rates:

    Matthew T. Anderson (MTA)    $265
    Aaron K. Haar (AKH)    $220

7. Each of these attorneys was qualified and, in my opinion, competent to perform the services listed.

8. In addition, the Law Firm utilized full time, experienced legal secretaries, administrative professionals, and paralegals in this matter to perform certain tasks that did not require the skills of an attorney and were not charged to the client.

9. The specific task-based itemized statement of fees and expenses incurred in the representation of Golden Rule is attached hereto as "*Exhibit 1*" and reflects that the time spent and expenses incurred were reasonable and necessary under all circumstances and allegations presented in this action.

10. *Exhibit 1* is a true and correct copy of Golden Rule's itemized and detailed statement of attorney fees and related non-taxable expenses incurred as a result of removal-remand on behalf of Golden Rule. I have personal knowledge that all fees and non-taxable expenses as described herein and in *Exhibit 1* were reasonably and necessarily incurred under the circumstances in this matter.

11. In regard to attorney fees, and pursuant to LRCiv 54.2(e)(1), *Exhibit 1* identifies dates of service, itemized descriptions of services rendered, identity of the attorney furnishing each service, hours billed for those services, and the hours and correlating amounts for which Golden Rule is seeking an award.

12. The fee hours set forth in *Exhibit 1* are accurate and Golden Rule has paid the amounts listed or is liable to pay the amounts listed.

13. The fees set forth in *Exhibit 1* are based upon individual timesheets maintained by the attorneys involved in this case on a daily basis and entered into a fee and cost tracking computer program where the data is stored and bills are thereafter rendered to the client on a monthly basis, with each bill providing descriptions of the work performed and the charges and costs incurred for the month. These practices and procedures are standard to the Law Firm and are within its normal business practices.

14. I am familiar with the rates for similar services in the Phoenix area and, in my opinion, the hourly rates and fees charged by the Law Firm to Golden Rule in connection with this matter were reasonable and comply with E.R. 1.5 of the Arizona Rules of Professional Conduct. Moreover, the time spent by each timekeeper was reasonable and not a duplication of effort. In my opinion, no time spent on this matter was unreasonable, imprudent, or unnecessary.

15. We have calculated Golden Rule's awardable attorney fees to be **$12,356.50**, and its related non-taxable expenses to be **$406.00**. (See "Costs and Expenses" at end of *Exhibit 1*).

16. In accordance with LRCiv 54.2(d)(4)(C), we have endeavored to eliminate time that may be misconstrued as unnecessary, duplicative, excessive, or otherwise not awardable. The billings at *Exhibit 1* also reflect "no-charge" items for services that were performed but not billed to client and thus are not sought in the Motion for award of fees and costs. Accordingly, we have exercised good "billing judgment" in our time entries throughout this litigation as required by LRCiv 54.2(d)(4)(C).

I declare the foregoing to be true and correct under penalty of perjury.

DATED this 9th day of November, 2016.

/s/Matthew T. Anderson
Matthew T. Anderson, Esq.

**EXHIBIT 1**

**Jaburg & Wilk P.C.**
3200 N. Central Avenue
Suite 2000
Phoenix, AZ 85012
602-248-1000
Fax 602-248-0522
Tax Id 86-0487815

Golden Rule Properties, LLC  12/31/2059
Attn: Greg Page
P.O. Box 2318  18828  00001  MTA
Gilbert, AZ 85299

STATEMENT FOR PERIOD THROUGH 12/31/2059

LEGAL SERVICES REGARDING: Golden Rule Properties, LLC adv. Advocates for Individuals with Disabilities Foundation, Inc.

| Date | Description | Atty | Hours | Amount |
|---|---|---|---|---|
| 07/19/16 | Prepare notice of removal and identify all exhibits in support of same (.5); prepare notices of filing notice of removal (.1) telephone call Greg to discuss recommendations and email Greg regarding same (.1); strategize plaintiff's intention to dismiss federal claim post-removal and how best to address their gamesmanship with the court (.1); prepare corporate disclosure statement (.1) | MTA | 0.90 | 238.50 |
| 07/29/16 | Draft response to motion to dismiss for Golden Rule 13. | AKH | 0.60 | 132.00 |
| 08/01/16 | Analyze options for sanctioning plaintiff for attempting to dismiss ADA claim despite our warning that we would move for fees and costs | MTA | 0.20 | 53.00 |
| 08/02/16 | Confer with MTA re response to motion to dismiss. (0.4) Conduct additional research and make revisions to response to motion to dismiss. Coordinate filing. (0.5) | AKH | 0.90 | 198.00 |
| 08/02/16 | Assist in editing and revising response to plaintiff's motion to dismiss federal ADA claim and seek award of fees and costs against plaintiffs | MTA | 0.20 | 53.00 |
| 08/02/16 | (NO CHARGE) Conference with associate attorney Haar regarding dismissal strategy | MTA | 0.40 | 0.00 |
| 08/09/16 | Call from opposing counsel re timing of Reply in support of Motion to Dismiss federal claims. | AKH | 0.20 | 44.00 |
| 08/16/16 | (NO CHARGE) telephone call from Greg to discuss case strategy and projected fees | MTA | 0.30 | 0.00 |
| 08/17/16 | Research recent court opinions regarding dismissal on federal standing and mootness ground | MTA | 0.30 | 79.50 |
| 09/02/16 | Analyze order to show cause issued against Plaintiff (.2) email Greg regarding same (.1) | MTA | 0.30 | 79.50 |
| 09/02/16 | Draft Response to Plaintiff's Motion to Extend Time to Respond to Order to Show Cause. | AKH | 0.90 | 198.00 |
| 09/02/16 | Draft Notice of Appearance. Coordinate filing. | AKH | 0.20 | 44.00 |
| 09/06/16 | (NO CHARGE) Analyze Court's order denying AID's request for extension o time to respond to Order to Show Cause. | AKH | 0.10 | 0.00 |
| 09/08/16 | (NO CHARGE) prepare email to Greg regarding status of receiving fee award | MTA | 0.10 | 0.00 |
| 09/13/16 | Assist in preparing response to plaintiff's response to the order to show cause (analyze prior filings by plaintiff's attorney in other cases, reviewing communication with Farber, analysis of pre and post-remediation photographs, analyze plaintiff's response and identify countervailing arguments) | MTA | 2.50 | 662.50 |

| Date | Description | Attorney | Hours | Amount |
|---|---|---|---|---|
| 09/13/16 | Analyze Plaintiff's Response to Order to Show Cause. Outline response. (1.9). Correspondence with ADA expert re declaration for Briefing re OSC. Draft declaration for inclusion with GR's Briefing re Plaintiff's Response to Order to Show Cause (2.6). Begin researching and drafting Briefing re Plaintiff's Response to Order to Show Cause. (1.4). | AKH | 5.90 | 1,298.00 |
| 09/14/16 | (NO CHARGE) Telephone call from Greg to discuss status and budgeting | MTA | 0.50 | 0.00 |
| 09/14/16 | (NO CHARGE) assist in preparing expert declaration for Paul Farber for use in the order to show cause hearing | MTA | 0.50 | 0.00 |
| 09/14/16 | Research associational standing. | AKH | 3.20 | 704.00 |
| 09/14/16 | Continue drafting briefing re Response to OSC. | AKH | 2.90 | 638.00 |
| 09/15/16 | (NO CHARGE) Edit and revise brief in response to plaintiff's response to order to show cause | MTA | 1.20 | 0.00 |
| 09/15/16 | Confer with ADA expert re finalizing declaration and exhibits | AKH | 0.50 | 110.00 |
| 09/15/16 | Confer with MTA re briefing strategy re Plaintiff's Response to Order to Show Cause. | AKH | 0.60 | 132.00 |
| 09/15/16 | (NO CHARGE) Confer with associate attorney Haar re strategy | MTA | 0.60 | 0.00 |
| 09/15/16 | Finish researching and drafting briefing re Plaintiff's Response to Order to Show Cause. Finalize exhibits and coordinate filing. | AKH | 5.90 | 1,298.00 |
| 09/16/16 | Prepare status report to Greg Page and include our response to plaintiff's response to the order to show cause | MTA | 0.10 | 26.50 |
| 09/28/16 | Prepare for oral argument on the Order to Show Cause. | AKH | 2.30 | 506.00 |
| 09/29/16 | Continue preparing for order to show cause hearing. | AKH | 3.60 | 792.00 |
| 09/29/16 | Attend oral argument on order to show cause. | AKH | 2.40 | 528.00 |
| 10/02/16 | Research organizational standing for supplemental briefing. | AKH | 2.10 | 462.00 |
| 10/03/16 | Continue researching organizational standing for supplemental briefing. Begin drafting supplemental briefing. | AKH | 1.60 | 352.00 |
| 10/04/16 | Finish drafting supplemental briefing. Coordinate filing. | AKH | 2.30 | 506.00 |
| 10/11/16 | (NO CHARGE) prepare lengthy email to Greg regarding AID's recent settlement offers and provide status report | MTA | 0.60 | 0.00 |
| 10/11/16 | Telephone call from Greg to discuss AID's recent settlement offers and case status | MTA | 0.30 | 79.50 |
| 10/13/16 | (NO CHARGE) Analyze the court's ruling on standing/remand/fee award an evaluate its effect on strategy going forward. | AKH | 0.50 | 0.00 |
| 10/25/16 | Draft LRCiv 54.2 fee application (3.7), draft declaration of MTA (1.4), and compile exhibits (0.6). | AKH | 5.70 | 1,254.00 |
| 10/26/16 | Edit and revise fee app, declaration, and supporting docs | MTA | 0.50 | 132.50 |
| 11/07/16 | Evaluate Plaintiff's Response to fee application, outline reply. (1.1) Begin drafting reply in support of fee application. (3.2). | AKH | 4.30 | 946.00 |
| 11/08/16 | Finish drafting reply in support of fee application. (2.3). Revise declaration and exhibits. (0.9). | AKH | 3.20 | 704.00 |
| 11/08/16 | Evaluate and revise reply in support of fee app, dec, and exhibits | MTA | 0.40 | 106.00 |

| TIMEKEEPER | | TIME | RATE | VALUE | |
|---|---|---|---|---|---|
| AKH | Haar, Aaron K. | 0.60 | 0.00 | 0.00 | |
| AKH | Haar, Aaron K. | 49.30 | 220.00 | 10,846.00 | |
| MTA | Anderson, Matthew T. | 4.20 | 0.00 | 0.00 | |
| MTA | Anderson, Matthew T. | 5.70 | 265.00 | 1,510.50 | |
| | **TOTAL FEES** | | | | **$12,356.50** |

**COSTS AND EXPENSES**

| Date | Description | Amount |
|---|---|---|
| 07/19/16 | Court fees federal court; removal; 12883 | 400.00 |
| 07/20/16 | Electronic Court Filing Fee 7/20/2016; Maricopa County Superior Court; Notice of Filing Notice of Removal - 55; kac; 1870898 | 6.00 |
| | **TOTAL COSTS AND EXPENSES** | **$406.00** |
| | **TOTAL FEES AND COSTS** | **$12,762.50** |

**EXHIBIT 2**

**From:** Matthew T. Anderson
**Sent:** Thursday, July 07, 2016 6:07 PM
**To:** 'Greg Page'; Kelli A. Cunningham
**Cc:** Aaron K. Haar
**Subject:** Golden Rule Properties, LLC (2706 E. University & 454 N. Lindsay Rd.) - demand and parking inspection reports

Greg,



Lastly, Greg, this will confirm that you have also asked me to defend the 454 N. Lindsay Rd. complaint under the same terms as the engagement agreement you previously signed for the 2706 and 3592 complaints.



Thanks,
Matt





**MATTHEW T. ANDERSON | Partner**
3200 North Central Avenue, 20th Floor, Phoenix Arizona 85012
Direct 602.248.1077 | Main 602.248.1000 | Fax 602.248.0522
jaburgwilk.com | mta@jaburgwilk.com

This communication is intended only for the individual or entity to whom it is directed. It may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. Dissemination, distribution, or copying of this communication by anyone other than the intended recipient, or a duly designated employee or agent of such recipient, is prohibited. If you have received this communication in error, please notify us immediately by telephone at (602)248-1000, or via e-mail, and delete this message and all attachments thereto.



3200 N. Central Avenue, 20th Floor, Phoenix, AZ 85012

jaburgwilk.com

**Matthew T. Anderson**

mta@jaburgwilk.com
602.248.1077 - Direct Phone
602.248.0522 - Main Fax

June 29, 2016

Via E-Mail greg@pagecrs.com

Greg Page
P.O. Box 2318
Gilbert, Arizona 85299

David L. Allen
Matthew T. Anderson
Mark D. Bogard
Neal H. Bookspan
Mervyn T. Braude
Jason B. Castle
Roger L. Cohen
Beth S. Cohn
C. Cole Crabtree
Erick S. Durlach
Michael B. Dvoren
David N. Farren
Lauren L. Garner
Douglas O. Guffey
Aaron K. Haar
Laurence B. Hirsch
Amy M. Horwitz
Ronald M. Horwitz
Gary J. Jaburg
Janessa E. Koenig
Michelle C. Lombino
Kraig J. Marton
Nathan D. Meyer
Thomas S. Moring
Micalann C. Pepe
Mitchell Reichman
Laura A. Rogal
Kathi M. Sandweiss
Carissa K. Seidl
Jeffrey A. Silence
Maria Crimi Speth
Lawrence E. Wilk
Nichole H. Wilk

Re:   ADA Matters: 2706 E. University & 3592 S. Atherton Blvd.

Dear Greg:

Thank you for looking to Jaburg Wilk for legal representation. We are pleased to welcome you as a client of our firm. The relationship between lawyer and client is built on mutual trust, and we believe that it is helpful to such a relationship to have a clear understanding of each other's financial obligations. We have therefore adopted a policy requiring that a Fee Letter be in effect with all new clients. Please review this letter carefully and, if you agree to its terms, sign where indicated below. THIS IS AN IMPORTANT AND BINDING LEGAL DOCUMENT. IF YOU HAVE ANY QUESTIONS ABOUT WHAT YOUR RIGHTS AND RESPONSIBILITIES ARE, DO NOT SIGN.

1.   Parties.  The parties to this Fee Letter are Jaburg & Wilk, P.C. ("we" or "us") and Greg Page and the properties located at 2706 E. University Drive, Mesa, Arizona 85213 and 3592 S. Atherton Blvd., Gilbert, Arizona 85297 ("client" or "you"). If more than one individual or company is named as client, each of them is responsible for the full amount of our fees and costs.

2.   Scope of Agreement.  You have hired us to provide legal services in connection with the following matter: **Defense of ADA lawsuit.** Unless we have some other agreement, you authorize us to take all reasonably necessary actions to represent your interests in that matter. We are not obligated to represent you in any other matter, including any appeal, new trial or related case or transaction. If we are requested, and agree, to represent you in any other matter, we may require that you sign a new Fee Letter, but if there is no new Fee Letter, this Fee Letter will remain in effect

JABURG|WILK
Attorneys at Law

Greg Page
June 29, 2016
Page 2

and cover all matters in which we act as your lawyer.

3. <u>Payment of Fees and Costs</u>. You agree to pay us for our services, and to reimburse us for our out-of-pocket costs, in accordance with the following paragraphs.

4. <u>Legal Fees</u>. You will be charged and billed for fees on an hourly basis. In general, our billing rates run from $200 to $450 per hour for partners, $150 to $300 per hour for associates and $90 to $175 for legal assistants. *As discussed, I have agreed to work on your matter at $265.00 per hour.* We charge for all time spent performing services on your behalf, specifically including telephone conversations and meetings with you and others, e-mail and written correspondence, investigation and analysis of relevant legal and factual issues, drafting of pleadings, court filings and discovery papers, legal research, court appearances, preparation of contracts and legal instruments, and other tasks as appropriate in a particular matter. We occasionally adjust our billing rates to reflect increased expenses and other factors. When such adjustments are made, you will be billed at the revised rates.

5. <u>Costs</u>. You will reimburse us for all out-of-pocket costs ("costs") related to your matter. Costs include such items as court costs, service of process, travel expenses, investigative fees, photocopying, computer-assisted legal research, and expert witness fees. The amounts we charge for certain items, including in-house photocopying, will include overhead expenses and the cost of our administrative and clerical personnel, and will therefore exceed our actual direct expense. Any individual cost item greater than $150.00 may be forwarded to you for payment, and you agree to pay all such items directly to the billing party.

6. <u>Retainer</u>. *The retainer in this matter is $1,500.00.* We generally do not extend credit to our clients and may, from time to time, require you to provide additional security deposits or retainers, based upon your payment history, the nature and amount of services reasonably likely to be performed (for example, trial preparation and court proceedings), and other relevant factors. Any retainer not designated "earned on receipt," and any security deposit or other trust funds that we receive will be held in our trust account at Arizona Business Bank, which is a subsidiary of COBIZ bank and an affiliate of Colorado Business Bank. The FDIC insures qualified deposits at these banks up to $250,000.00 through December 31, 2016. The deposit insurance coverage limits refer to the total of all deposits that an accountholder has at each FDIC-insured bank. If you have deposits at Arizona Business Bank or Colorado Business Bank, including these trust funds, that exceed $250,000.00, the amount over $250,000.00 is not insured by the FDIC. If this is your situation, please notify us immediately.

7. <u>Billing and Payment Procedures.</u> Our charges will be set forth in periodic statements, which will submitted on a monthly basis or as we otherwise elect. All invoices will be due upon receipt and will become delinquent if not paid in full by the last day of the month in which the bill is sent. All delinquent amounts will bear interest at the rate of 1.5% percent per month.

100-100-01525\MTA\KAC\2112722.1

JABURG|WILK
Attorneys at Law

Greg Page
June 29, 2016
Page 3

8. <u>Assignment and Authorization for Payment</u>.  In the event that we are holding a retainer or other money or property received from you, or in the event we recover money or property on your behalf, we will be entitled to apply any such money or property against amounts due to us under this Fee Letter. We will be entitled, at the time a billing statement is sent to you, to the extent funds are available, to pay ourselves from funds in our trust account held on your behalf.

9. <u>Obligation to Cooperate</u>.  Cooperation by the client is essential to the proper functioning of an attorney-client relationship and to the successful outcome of any legal matter. Accordingly, you will keep us advised of any change in your residence or business address, will appear upon reasonable notice for deposition and court appearances and will comply with all reasonable requests made to you for assistance in connection with your matter. In a litigation matter, your failure to cooperate may result in Court-imposed sanctions and our withdrawal from the case.

10. <u>Withdrawal from Representation</u>.  If you fail to comply with your obligations under this Fee Letter, we will have the right, on written notice to you, subject to applicable court rules, to stop work on your behalf and, in a litigation matter, to withdraw as counsel of record in any pending proceedings or litigation. If we move to withdraw from representation under this paragraph, you will need to hire substitute counsel or otherwise make suitable arrangements to be prepared for any pending trial or hearing, and you agree to do so. You will remain obligated to pay our fees and costs incurred up to the date of withdrawal and for additional fees and costs incurred in transferring the matter to substitute counsel.

11. <u>File Storage</u>.  We do not have sufficient storage facilities to store client files indefinitely. At the conclusion of any matter, we will return to you all papers and other materials provided by you, together with all of our hard-copy files relating to the matter. Unless otherwise agreed, all files and materials will be destroyed on or after the expiration of three years following the conclusion of the matter, without notice, and you expressly consent to such destruction. We may choose to preserve certain files and materials in electronic form, but are not obligated to do so.

12. <u>Notification of Disputes</u>.  If you disagree with any billing statement, you must notify us in writing within 30 days of the billing date. If you do not object within that time period, we will be entitled to assume that the statement is correct and the fees and costs charged are reasonable and owed by you.

13. <u>Attorney Fees.</u>  In the event of a dispute regarding a breach of this Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees (including the value of time expended by us) and costs.

100-100-01525\MTA\KAC\2112722.1

JABURG|WILK
Attorneys at Law

Greg Page
June 29, 2016
Page 4

14.     Miscellaneous.  This Fee Letter will be binding on the named parties and their heirs, representatives, successors and assigns; however, neither party will be entitled to assign its rights under this Fee Letter, except that we will have the right to assign to a third party amounts you are obligated to pay us for fees and costs.  This Fee Letter is governed by the laws of the State of Arizona, and any lawsuit of arbitration proceeding arising under this Fee Letter will be brought in Maricopa County, Arizona. This Fee Letter may be signed in counterparts.

Again, thank you for placing your confidence in our firm.  If you are in agreement with the above terms, please sign where indicated below.

Sincerely,

JABURG & WILK, P.C.

*[signature]*

Matthew T. Anderson

MTA:kac

**I HAVE READ AND UNDERSTAND THE ABOVE FEE LETTER AND AGREE TO COMPLY WITH ITS PROVISIONS.**

Dated: 7-1-16

*[signature]*
Greg Page

Name (printed): Gregory Page

100-100-01525\MTA\KAC\2112022.1