WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Advocates for Individuals with Disabilities Foundation Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>Golden Rule Properties LLC,<br><br>Defendant. | No. CV-16-02413-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiff Advocates for Individuals with Disabilities Foundation Incorporated's ("Advocates") Motion to Reconsider (Doc. 31.) For the following reasons, the motion is denied.

## BACKGROUND

Plaintiff Advocates filed suit against Defendant Golden Rule Properties, LLC ("Golden Rule") for violations of the Americans with Disabilities Act ("ADA") as well as its counterpart under Arizona law on June 9, 2016. (Doc. 1 at 1.) Golden Rule's counsel contacted Advocates on July 18, 2016 to inform Advocates and its counsel, Mr. Zazueta, that Golden Rule intended to remove every case Advocates filed with a federal claim. (Doc. 12 at 14–15.) This included this case as well as several others. (*Id.*) Defense counsel went on to inform Mr. Zazueta that failure to dismiss federal claims prior to removal would result in the defense incurring the "unnecessary additional cost of removal for nothing." (Doc. 12 at 14.) In turn, Mr. Zazueta assured defense counsel that

1 AID and its outside counsel, Mr. Strojnik, intended to pursue their causes of action under
2 both state and federal law. (*Id.* at 13.)

3 Golden Rule promptly removed the case to federal court. (Doc. 1.) Advocates
4 moved to dismiss its federal claims less than ten days later. (Doc. 8.) There is no
5 indication that anything changed in those ten days to incentivize the dismissal of the
6 federal claims. (Doc. 22 at 13.) Pursuant to Mr. Zazueta's testimony at the oral
7 argument on September 29, 2016, it was ultimately Mr. Zazueta's, Mr. Strojnik's, and an
8 Advocates' representative, Mr. Alex Callen's, decision to dismiss the federal claims a
9 week after removal. (Show Cause Hr'g Tr. 50:17−25, 51:1–2, Sept. 29, 2016.)

10 The Motion to Reconsider introduces facts that are contrary to the moving parties'
11 testimony in the record. At the hearing held on September 29, Mr. Zazueta stated that he
12 has "complete autonomy" over legal decisions made on behalf of Advocates, although he
13 "receive[s] advice from outside counsel." (*Id.* at 48:8–11.) However, in his declaration
14 attached to the Motion to Reconsider, Mr. Zazueta claims that he advised Advocates to
15 dismiss the federal claims prior to removal, and that he was overruled by his client and
16 Mr. Strojnik. (Doc. 31-1 at 1.) Likewise, as of the September 29, 2016 hearing there was
17 no evidence that Advocates ever reimbursed a defendant for their removal costs. (*Id.* at
18 42:2–6.) Defense counsel directly asked Mr. Strojnik if he was aware of any such
19 reimbursements, and Mr. Strojnik affirmatively stated that "I don't recall. It could have
20 happened. I don't recall." (*Id.*) Yet in its Motion to Reconsider, Advocates asserts that
21 five days prior to the hearing in this case, the corporation reimbursed defense counsel's
22 firm for costs incurred during removal in another case. (Doc. 31 at 2.) This was
23 allegedly done at the "recommendation of Plaintiff's counsel Peter Strojnik and Fabian
24 Zazueta." (Doc. 31 at 2.)

25 In light of the facts in the record at the time of the hearing, the Court entered an
26 order dismissing the federal claims, remanding the remaining claims back to state court,
27 awarding costs to Golden Rule under the Removal Statute, and sanctioning Advocates as
28 well as their counsel under § 1927. (Doc. 28.) Advocates and their counsel filed a

- 2 -

Motion to Reconsider the award of costs to Golden Rule and the sanctions against Plaintiff and Plaintiff's counsel, Mr. Zazueta and Mr. Strojnik. (Doc. 31.) Specifically, Advocates' Motion introduces new evidence to contest the Court's finding of facts and argues that the Court made a manifest error of law by awarding the Defendant costs under the Removal Statute.

## DISCUSSION

Under Rule 59(e), a motion for reconsideration may be granted only on one of four grounds: "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotations and emphasis omitted). Motions for reconsideration are disfavored, and they should not be used to ask the Court to "rethink what the court has already thought through—rightly or wrongly." *See United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D. Ariz. 1998) (quoting *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

### I. It is Improper to Introduce New Facts in a Rule 59(e) Motion.

Advocates' Motion is a thinly veiled attempt to introduce new facts and arguments to the proceedings after judgment. "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Therefore, it is improper to introduce new evidence that was available to the parties at the time the district court ruled in a Rule 59(e) motion. *See Emmons v. McLaughlin,* 874 F.2d 351, 358 (6th Cir.1989) ("[A] district court does not abuse its discretion in denying a Rule 59 motion when it is premised on evidence that the party had in his control prior to the original entry of judgment.")

Mr. Zazueta was confronted with the email he now disputes during his testimony on September 29. (Show Cause Hr'g Tr. 47; 2–25.) The correspondence at issue was

- 3 -

also at the center of Defendant's Response to Plaintiff's Amended Motion to Dismiss in August. (Doc. 12.) Contrary to the moving parties assertions, they knew that the email was being used as evidence of defense counsel's "prior experience wherein Plaintiff dismissed its federal claim immediately upon removal" because it was clearly stated in the briefings. (Doc. 12 at 6.) Therefore, Advocates and its counsel could have reasonably raised the argument regarding the emails earlier in litigation and they did not. It is inappropriate to do so now. *Kona Enterprises, Inc.*, 229 F.3d at 890.

Advocates attached no less than three new declarations in its Motion introducing new facts in an attempt to contradict this Court's finding of bad faith conduct in its earlier order. Specifically, the new declarations claim that Advocates voluntarily paid defendant's removal fees in the past, "at the recommendation of Plaintiff's counsel." (Doc. 31 at 2.) Advocates knew it reimbursed the defendant in *Advocates for Individuals with Disabilities, Incorporated v. Sun West Dental Properties*, No. CV-16-02416-PHX-JJT, long before the Court ruled in this case and thus it may not introduce this argument at this stage in the proceedings.

According to the parties, Advocates voluntarily reimbursed a similarly situated defendant five days prior to the September hearing. (Doc. 31 at 3.) During the hearing, Mr. Strojnik was asked "are you aware of any prior cases where [Advocates] had agreed to reimburse defendants for the cost of removal when [Advocates] immediately dismissed the federal claim?" (Show Cause Hr'g Tr. at 42:2–6.) Mr. Strojnik stated that "I don't recall. It could have happened. I don't recall."[1] (*Id.*) Certainly the parties were aware of the reimbursement at the time of the September hearing, and yet Mr. Strojnik dodged the question during testimony. Advocates then failed to mention this fact in the supplemental briefing the Court asked for after the hearing.

---

[1] The Court also notes that this uncertainty displayed by Mr. Strojnik a mere five days after he allegedly encouraged Advocates to reimburse another defendant in one of Advocates' cases leads the Court to question the sincerity of the assertion that the reimbursement was encouraged by both Mr. Strojnik and Mr. Zazueta. Furthermore, the contradiction between Mr. Strojnik's testimony and the declarations filed herein does not amount to "a complete disregard of the controlling law or the credible evidence in the record," and therefore is not a manifest error of fact. *Teamsters*, 282 F.R.D. at 231.

- 4 -

The parties in this matter had numerous opportunities to present their arguments. Advocates, Mr. Zazueta, and Mr. Strojnik were all aware that this Court was considering sanctioning each of them personally for bad faith behavior. Mr. Zazueta and Mr. Strojnik were given the opportunity to testify and disclose any and all facts that they deemed relevant to the Court's decision. The parties were also given the opportunity to file supplemental briefings in addition to their testimony following the hearing. They may not now, after the issues have been fully briefed and argued by both sides, seek to introduce new evidence that could have been raised earlier in litigation. *Kona Enterprises, Inc.*, 229 F.3d at 890.

## II. There is No Manifest Error of Fact.

In the Ninth Circuit, a manifest error of fact must be "one that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Teamsters Local 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, 282 F.R.D. 216, 231 (D. Ariz. 2012) (internal citations and quotations omitted). A party seeking reconsideration must show "more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. California*, 649 F. Supp. 2d 1063, 1070 (E.D. Cal. 2009) (internal citations and quotations omitted).

In its Motion to Reconsider, Advocates argues that the Court made a manifest error of fact by considering email correspondence between Plaintiff and Defendant's counsel to be evidence of a pattern of bad faith behavior because the email concerned multiple cases, rather than a single case. (Doc. 31 at 2.) This is a distinction without a difference; the number of emails does not alter the fact that Plaintiff's counsel mislead opposing counsel in a number of cases, including this one and *Advocates for Individuals with Disabilities, Incorporated v. Sun West Dental Properties*, No. CV-16-02416-PHX-JJT. Therefore, the Court maintains that the email correspondence is evidence of an "established practice of misleading opposing counsel." (Doc. 28 at 9.)

- 5 -

It is also worth noting that this Court's ruling was not based on Advocates' status as a serial plaintiff or the number of cases brought forth by Mr. Strojnik or Mr. Zazueta. The decision to impose sanctions on Advocates, Mr. Zazueta, and Mr. Strojnik was based on the finding that their assurance that they would not seek dismissal on the federal claim if the defense incurred the costs of removal was in bad faith. Specifically, the Court found that that the manipulative bait-and-switch tactic employed by the moving parties "evinces a bad faith desire to 'argue a meritorious claim for the purpose of harassing an opponent.' " (Doc. 28 at 10 (quoting *Estate of Blas through Chargualaf v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986)).

## II.  The Court Did Not Make a Manifest Error of Law.

A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). As the Court already explained in its October 13th order, Advocate's correspondence with Golden Rule representing its desire to continue to pursue its federal claims, even in federal court, was manipulative gamesmanship aimed at prolonging litigation and imposing costs on the defense. (Doc. 28.) Advocates does not raise any new arguments in its Motion to Reconsider, (*compare* Doc. 21 *with* Doc. 31), and thus the Court assumes that this motion is an improper attempt "to ask the Court to 'rethink what the court has already thought through─rightly or wrongly.' " *See United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D. Ariz. 1998) (quoting *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983))).

Furthermore, despite Advocates' repeated attempts to revisit the argument, there is no support for the proposition that only defendants may have costs imposed on them under the Removal Statute. (Doc. 21 at 4, Doc. 31 at 4–5.) The text of the Removal Statute itself does not impose any such limitation, stating only that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C.A. § 1447(c). Likewise, the case law

offers no support for such a proposition either. *Baddie v. Berkeley Farms, Inc.* specifically stated that it left "for another day the question of whether a plaintiff who intentionally misleads the defendant into thinking that the case is subject to federal removal jurisdiction when it is not may be forced to bear the costs of such imprudence." 64 F.3d 487, 490 n.1 (9th Cir. 1995). The Supreme Court's opinion in *Martin v. Franklin Capital Corp.* reiterated that district courts retain the "discretion to consider whether unusual circumstances warrant" an award of fees under § 1447(c). 546 U.S. 132, 141 (2005). *Martin* did provide that this discretion is not limitless, and that the decision to impose fees should be guided by the desire to deter parties from using removal "as a method for delaying litigation and imposing costs." *Id.* at 140. The Court found that Advocates engaged in behavior that reflected their desire to improperly use removal for exactly those purposes, and therefore imposed costs under the statute. (Doc. 28 at 11.) The Motion to Reconsider based on a manifest error of law is denied.

## CONCLUSION

The Plaintiff's Motion to Reconsider is an attempt to introduce new evidence that could have been raised during litigation and revisit legal arguments the Court already decided. Neither of these arguments can form the foundation of a valid motion to reconsider under Rule 59(e).

**IT IS THEREFORE ORDERED** that the Motion to Reconsider (Doc. 31) of Plaintiff, Mr. Zazueta, and Mr. Strojnik is **DENIED**.

Dated this 4th day of November, 2016.

*[signature]*
Honorable G. Murray Snow
United States District Judge