Peter Strojnik, State Bar No. 6464
**Strojnik P.C.**
1East Washington St., Suite 500
Phoenix, AZ 85004

Fabian Zazueta, State Bar No. 032687
**Advocates for Individuals with Disabilities**
40 North Central Ave., Suite 1400
Phoenix, AZ 85004
Telephone: (774) 768-2233
fabian@aid.org
2706EUniversityDr@aid.org
*Attorneys for Plaintiff*

**Jaburg & Wilk, P.C.**
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
602.248.1000
Matthew T. Anderson, State Bar No. 025934
Aaron K. Haar, State Bar No. 030814
mta@jaburgwilk.com
akh@jaburgwilk.com
*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Advocates for Individuals with Disabilities Foundation, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Golden Rule Properties, LLC, <br><br> Defendant. | Case No. 2:16-cv-02413-GMS <br><br> **JOINT MOTION FOR RECONSIDERATION** <br><br> *(Expedited Consideration Requested)* |

Pursuant to LR. 7.2(g)(1) & Fed. R. Civ. P. 59(e), Plaintiff Advocates for Individuals with Disabilities Foundation, Inc., and Defendant, Golden Rule Properties, LLC (collectively, the "Parties"), by and through undersigned counsel, jointly move for

reconsideration of the Court's Order (Doc. 46) on grounds it contains a manifest error of fact and because reconsideration is necessary to prevent manifest injustice.[1]

By way of background, the Parties jointly moved the Court to vacate its prior Order on grounds that the Parties reached a conditional settlement resolving all issues, disputes, and appeals associated with the underlying litigation. (Doc. 44). In its Order dated June 23, 2017, the Court indicated it would vacate its prior Order, but would not enter the last sentence of the Proposed Order filed by the Parties, which stated, "THE COURT FINDS that the Parties and their attorneys have acted in good faith at all times relevant hereto with regard to this litigation." (Doc. 45). The Court also indicated that if "the parties desire the Court to enter the above-described order vacating its judgment, they shall so advise the Court." *Id.*

The Court's position on the requested order changed the dynamic of the settlement, and the Parties engaged in subsequent negotiations in attempt to salvage their settlement efforts. The negotiations required repeated conferences between counsel and between counsel and client. The negotiations were continual, and the Parties agree their efforts were diligent. The Parties finally reached an agreement-in-principle on new terms on Monday, July 10, 2017—with a stated goal of finalizing the Parties' joint filing to the Court no later

---

[1] A motion for reconsideration can be granted on one of four grounds: "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003)(internal quotations and emphasis omitted). Local Rule of Civil Procedure 7.2(g)(1) also provides that the motion "shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court"; shall identify any new matters being raised; shall explain the reasons why they were not presented earlier; shall identify any specific modifications sought; and shall not repeat arguments already made.

than Friday, July 14, 2017. Plaintiff's counsel provided defense counsel a draft joint filing Thursday morning, July 13, 2017. A few hours after the Parties exchanged the first draft of the joint filing, the Court entered an Order vacating its prior Order "pertaining to the attorney's fees only." (Doc. 46).

The Parties jointly move the Court to reconsider its Order on grounds it contains a manifest error of fact and because reconsideration is necessary to prevent manifest injustice. Initially, the Parties had insufficient notice that the Court would enter the Order because the Court expressed its position and concluded that "[i]f, with that understanding, the parties desire the Court to enter the above-described order vacating its judgment, they shall so advise the Court." (Doc. 45). The Court's June 23, 2017 Order did not indicate notice was required by a particular date. The Parties understood that the Court would simply take no action if they did not so advise the Court.

The Parties believe the Order contains manifest error because it appears to be based on a misunderstanding that the Parties were not engaged in continual negotiations in an effort to finally settle the matter. The Parties acknowledge the Court has discretion in these matters, and the Parties apologize for any perceived delay. But the Parties aver that they made diligent efforts to reach agreement so as to avoid further proceedings between them. Indeed, the Parties had intended to file their request to the Court no later than July 14, 2017—the day *after* the Court entered the Order, vacating part of the prior order.

Since the Court indicated it would not affirmatively find that the Parties' acted in good faith (doc. 45), the Parties' adjusted the settlement terms, with payment to Defendant conditioned on the Court simply entering an order vacating the prior Order, at Doc. 28—

essentially, what it appeared the Court was inclined to do. But the Court vacated the prior order "pertaining to the attorney's fees only."

The Order (doc. 46) presents manifest injustice because it apparently vacates the award of attorney fees to Defendant Golden Rule Properties, LLC. Plaintiff intends to reinstate its appeal if the Court will not vacate the entire Order at Doc. 28. The partial vacation creates confusion and uncertainty because it is not clear if the attorney fee judgment stands, and, if the Parties are required to continue the appeal, the Ninth Circuit would be evaluating a ruling that has been partially and ambiguously vacated. Thus, if the Court is not inclined to vacate the full Order, it is in the interest of justice to simply leave the full order intact.

The Parties respectfully request that the Court reconsider its Order (doc. 46) to the extent that it solely vacates the attorneys' fees portion of Document 28. The Parties' conditional settlement is contingent on the Court vacating the entire Order in ECF Document 28. Given the nature of the litigation and Plaintiff's reinstatement of appeal deadline soon approaching, the Parties respectfully move the Court to reconsider and enter the Proposed Order, which is attached hereto.

RESPECTFULLY SUBMITTED this 14th Day of July, 2017.

**STROJNIK P.C.**

*/s/ Peter Strojnik*
Peter Strojnik
*Attorney for Plaintiff*

**Advocates for Individuals with Disabilities Foundation, Inc.**

*/s/ Fabian Zazueta*
Fabian Zazueta
*Attorney for Plaintiff*

**Jaburg & Wilk**

*/s/ Aaron K. Haar (with permission)*
Matthew Anderson
Aaron K. Haar
*Attorneys for Defendant*